McGever *v.* SCHAAR.

1. APPEAL AND ERROR—SETTING ASIDE VERDICT—EVIDENCE.
   The Supreme Court will not set aside a verdict of the jury merely
   because it would reach a different conclusion than did the jury,
   but only when the verdict is against the overwhelming weight
   of the evidence.

2. AUTOMOBILES—SITUS OF ACCIDENT—QUESTION OF FACT—EVIDENCE.
   Evidence, presented in action arising from collision of automo-
   biles on curb-lined street, which included plaintiff's own testi-
   mony as corroborated by that of her passenger, and a police
   officer who had arrived at the scene shortly after the collision,
   *held,* to support verdict for plaintiff, on principal factual issue
   on whose side of the road the collision occurred, that is chal-
   lenged as being against the great weight of the evidence.

3. SAME—CONTRIBUTORY NEGLIGENCE—REQUEST TO CHARGE—INSTRUC-
   TIONS.
   It was not error for trial court to refuse defendant's request to
   charge jury pertaining to asserted contributory negligence in
   that plaintiff's southbound car should have been stopped along
   western curb until defendant's northbound car had passed,
   where the request assumed defendant had precedence over the
   disputed passage and also assumed there was inadequate room
   for both cars in that passage, which would have been erroneous
   under record presented, and instructions on defendant's theory
   of the case were adequate.

Appeal from Wayne; Streeter (Halford I.), J.,
presiding.    Submitted October 12, 1961.    (Docket

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 887 *et seq.*
[2] 5A Am Jur, Automobiles and Highway Traffic § 1061.
[3] 5A Am Jur, Automobiles and Highway Traffic §§ 1092, 1093,
    1102.

No. 67, Calendar No. 49,091.)    Decided March 15, 1962.

Case by Irene McGever against Helen Schaar for personal injuries sustained in automobile collision on September 6, 1958.    Verdict and judgment for plaintiff.    Defendant appeals.    Affirmed.

*Joseph Marvaso,* for plaintiff.

*Robbins, Behm & McDonald* (*Oswald M. Robbins,* of counsel), for defendant.

PER CURIAM.    This is an appeal from a jury's verdict for damages resulting from a collision between 2 automobiles.    The trial judge denied defendant's motion for new trial based upon her claim that the verdict was against the weight of the evidence and, by this appeal, the same claim is made to us.

The law applicable is too familiar for elaboration. It is succinctly stated in *McConnell* v. *Elliott,* 242 Mich 145, 147:

"We, of course, do not on the law side of the court try cases *de novo*.    The fact that we would reach a different conclusion than did the jury is not controlling.    We should set aside a verdict, and only set one aside, when it is against the overwhelming weight of the evidence."

See, also, *Schneider* v. *Pomerville,* 348 Mich 49, pp 53–55.

We are not persuaded that error occurred.    There was ample evidence, although contradicted by defendant's witnesses, to support the jury's verdict for plaintiff.    Plaintiff and her passenger testified the collision occurred on their side of the road, the principal factual issue being on whose side of the road the collision occurred.    A police officer who arrived at the scene after the collision described in

his testimony physical facts which tended to corroborate plaintiff's and her passenger's version. More than that we do not require of a jury verdict challenged, as is this one, for being against the weight of the evidence.

Defendant also claims the trial judge erred in refusing a request to charge the jury, which request defendant claims set forth her version of the case. The request related to the defense of contributory negligence. It was apparently defendant's theory that plaintiff should have stopped her southbound car along the western curb until defendant's northbound car had passed. The requested charge assumed that defendant had precedence over the disputed passage and also assumed there was inadequate room for both cars in that passage. On this record, the trial court would have erred had he given the requested charge. In other portions of his charge to the jury he instructed adequately on defendant's theory of the case.

Affirmed. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., took no part in the decision of this case.