ANDREWS v INSURANCE COMPANY OF NORTH AMERICA

Docket No. 56929. Decided July 23, 1975.
Application for leave to appeal from a decision of the Court of
Appeals, Allen, P. J., and McGregor and M. F. Cavanagh, JJ.,
reversing a trial court order granting defendant's motion for
new trial, and reinstating judgment on a verdict for plaintiff
(Docket No. 19290). Remanded to the Court of Appeals for
reconsideration.
60 Mich App 190; 230 NW2d 371 (1975) remanded for recon-
sideration.

NEW TRIAL—APPEAL AND ERROR—STANDARD OF REVIEW.
The standard for reviewing an order granting a new trial on the
grounds that the verdict was against the weight of the evidence
is whether the trial court has abused its discretion, not
whether the evidence at trial was sufficient to create jury
questions.

*Ripple & Chambers, P. C.,* for plaintiff.

*Harvey, Kruse & Westen, P. C.,* for defendant.

MEMORANDUM OPINION. Plaintiff filed suit in
Wayne County Circuit Court against defendant
insurance company as a third-party tortfeasor,
seeking damages for an injury sustained as a
result of the alleged negligence of defendant in
failing to recommend to one of their insured com-
panies, plaintiff's employer, proper machine safe-
guards or adequate employee safety training. The
jury returned a verdict for plaintiff in the amount
of $255,000. The trial court subsequently denied
defendant's motion for judgment notwithstanding
the verdict, but granted defendant's motion for a

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur 2d, New Trial § 212 *et seq.*

new trial on the grounds that the verdict was against the great weight of the evidence.

After granting leave to appeal, the Court of Appeals reversed the trial court and reinstated the jury verdict.

In their opinion, the Court of Appeals determined that the issue presented was "whether there was sufficient evidence presented at trial for the jury to conclude that plaintiff's injuries were caused by defendant's negligence in failing to recommend a proper safety program for the premises of plaintiff's employer". The Court further concluded that "since defendant is moving for judgment notwithstanding the verdict, the test is whether the evidence at trial is sufficient to create jury questions on the appropriate legal issues".

While that test was appropriate for reviewing the trial court's denial of the motion for judgment *n. o. v.,* it was not the proper standard for reviewing the order granting a new trial on the grounds that the verdict was against the great weight of the evidence. Such new trial orders are to be reviewed on the basis of whether or not the trial court has abused its discretion. *Sloan v Kramer-Orloff Co,* 371 Mich 403; 124 NW2d 255 (1963).

Defendant-appellant's application is now considered and in lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), the Court hereby remands the case to the Court of Appeals for reconsideration, in accordance with this opinion, of the trial court's order granting defendant a new trial.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, J. W. FITZGERALD, and LINDEMER, JJ., concurred.

SWAINSON, J., took no part in the decision of this case.