REED v STRETTEN

1. APPEAL AND ERROR—MOTIONS—NEW TRIAL—WEIGHT OF EVIDENCE
   —ABUSE OF DISCRETION.

   A trial court's decision on a new trial motion based on a claim
   that the verdict was against the great weight of the evidence
   will be reviewed on the basis of whether or not the trial court
   has abused its discretion.

2. NEGLIGENCE—EVIDENCE—JURY—WEIGHT OF EVIDENCE.

   A jury verdict for the defendant in a negligence action was not
   against the great weight of the evidence where the defendant
   introduced evidence which properly created a jury question on
   the negligence issue and the jury chose to accord it greater
   weight than that introduced by the plaintiff.

3. JURY—INSTRUCTIONS TO JURY—STANDARD INSTRUCTIONS—PRESUMP-
   TIONS—PREJUDICIAL ERRORS—COURT RULES—OBJECTIONS.

   Standard jury instructions should be given where applicable, but
   before prejudicial error will be presumed from a deviation from
   a standard jury instruction, that deviation must be brought to
   the attention of the trial court before jury deliberations in the
   manner mandated by court rule (GCR 1963, 516.2).

4. JURY—INSTRUCTIONS TO JURY—PREJUDICE—EXPRESSIONS OF SATIS-
   FACTION—BURDEN OF PROOF—OBJECTIONS.

   A plaintiff who expresses satisfaction with a trial judge's han-
   dling of a jury's request for additional instruction is under a
   greater burden to show prejudice in a subsequent motion for
   new trial alleging the instructions were improper than one who
   properly objected to the judge's action at the trial.

Appeal from Oakland, Arthur E. Moore, J. Sub-
mitted May 13, 1976, at Lansing. (Docket No.
26059.) Decided June 15, 1976.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 851, 852.
[2] 30 Am Jur 2d, Evidence §§ 1097, 1120–1123.
[3, 4] 75 Am Jur 2d, Trial §§ 605, 606.

Complaint by Gloria C. Reed against Aleta M. Stretten for damages arising from an automobile collision. Judgment for defendant. Plaintiff moved for a new trial. Motion denied. Plaintiff appeals from the judgment and from denial of the motion. Affirmed.

*Barry F. Keller,* for plaintiff.

*Hartman, Beier, Howlett, McConnell & Googasian,* for defendant.

Before: J. H. GILLIS, P. J., and M. F. CAVANAGH and McGREGOR,* JJ.

McGREGOR, J. Plaintiff appeals by right from an Oakland County Circuit Court jury verdict of no cause of action. Plaintiff also appeals the trial court's subsequent denial of her motion for a new trial.

On appeal, plaintiff propounds three claims of error. First, she contends that the trial court erred by denying her motion for a new trial. She bases this claim, as she did before the trial court, on a contention that the jury's verdict was against the great weight of the evidence. Decisional law has variously stated the test applicable to appellate review of claims that a verdict was contrary to the great weight of the evidence.[1] In any case, it is

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] *See e.g., Scho v Socony Mobil Oil Co, Inc,* 360 Mich 353, 359; 103 NW2d 469 (1960) ("substantial evidence" supporting the verdict), *Williams v State Highway Dept,* 44 Mich App 51, 53; 205 NW2d 200 (1972), *lv den* 389 Mich 780 (1973) ("if sufficient evidence exists to substantiate [the jury] findings"), *Middleton v Smigielski,* 366 Mich 302, 306; 115 NW2d 84 (1962) (verdict not a "miscarriage of justice"), *McGever v Schaar,* 365 Mich 481, 482; 113 NW2d 769 (1962), and *Doyle Vacuum Cleaner Co v F J Siller & Co,* 55 Mich App 601, 611; 223 NW2d 86 (1974), *lv den* 393 Mich 769 (1974) ("overwhelming weight of the evidence"), and *Murchie v Standard Oil Co,* 355 Mich

clear that our scope of review in such matters is extremely limited. A trial court decision on a new trial motion based on such a claim is "to be reviewed on the basis of whether or not the trial court has abused its discretion". *Andrews v Insurance Co of North America,* 394 Mich 464, 465; 231 NW2d 645 (1975). (Citation omitted.)

In the instant case, we find that the trial court did not abuse its discretion. Plaintiff commenced this action for injuries incurred when her car was struck from the rear by a car driven by defendant. Plaintiff testified that her car was struck by defendant's car while plaintiff was stopped at an intersection. Plaintiff also introduced evidence to support her allegation that this accident caused an injury to her back, as well as consequential pain, suffering and loss of work.

Defendant testified that she saw the plaintiff stopped at the intersection well in advance, but, because of icy road conditions, was not able to stop her car. She stated that, as soon as she began to slide, she began honking her horn to warn the plaintiff. Defendant estimated that she was traveling approximately 25 miles per hour when she applied her brakes and had reduced that speed to 10–15 miles per hour at the time of impact. She further testified that both cars appeared to have suffered only slight damage and that the plaintiff did not mention having suffered any injury at the time of the accident. Defense counsel attempted to show that plaintiff's injuries were not caused by the accident but were the result of a fall three months before the accident.

The jury was instructed on the statutes applica-

550, 559; 94 NW2d 799 (1959) ("manifestly against the clear weight of the evidence").

ble to the case and on the presumptions created by a violation of those statutes.[2] The evidence introduced at trial presented for jury determination issues concerning (1) the existence of negligence, (2) the causal relationship between such negligence and plaintiff's alleged injuries, and (3) the extent of damage suffered by plaintiff.

In this case, the weight to be ascribed to plaintiff's evidence was a matter uniquely for jury determination. The verdict could not have been against the weight of the evidence if the jury chose not to accord plaintiff's evidence such weight. Defendant introduced evidence that she was operating her vehicle in a reasonable and prudent manner prior to the accident and, thus, created a jury question on the negligence issue. See *Lucas v Carson,* 38 Mich App 552; 196 NW2d 819 (1972). The other issues likewise required the jury to base its verdict on the weight it ascribed to each party's evidence. In such a case, a reviewing court is in no position to conduct its own weighing of the evidence. There is no inherent "weight" in this type of evidence. The trial court properly recognized this fact in denying plaintiff's motion for a new trial.

The second claim of error asserted by plaintiff is that the trial court committed reversible error by refusing to give the Standard Jury Instructions (SJI) applicable to the instant facts. At the close of proofs, plaintiff submitted a number of proposed instructions taken from the SJI. The trial court rejected these and stated that it would utilize its own version of the standard instructions. Plaintiff's counsel did not object to the court's decision

---

[2] MCLA 257.402; MSA 9.2102 (rear-end collision statute), MCLA 257.627; MSA 9.2327 (assured clear distance statute), MCLA 257.643; MSA 9.2343 (statute requiring reasonable and prudent manner of following another vehicle).

and expressed satisfaction with the instructions given by the court.

Plaintiff contends that the recent case of *Javis v Ypsilanti Board of Education,* 393 Mich 689; 227 NW2d 543 (1975), mandates reversal. In *Javis,* the Supreme Court adopted a "strict rule" designed to insure the use of applicable SJI:

"Where there is an omission of, or a deviation from an applicable and accurate SJI, prejudicial error will be presumed * * * ." *Id.* at 702.

Defendant responds that plaintiff's failure to object to the trial court's deviation from the SJI precludes her use of that deviation as a ground for reversal. Defendant's assertion is based on GCR 1963, 516.2 which provides:

"Objections. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

The question posed by the parties' arguments is, thus, whether the strict rule of *Javis* has totally vitiated the GCR 1963, 516.2 objection requirement. We find that it has not.[3]

The *Javis* holding represented the product of the interplay between the GCR 1963, 516.6(2) requirement that a SJI be given where applicable and the GCR 1963, 529.1 harmless error rule. Having ana-

---

[3] The instant issue has not been decided by this Court. Other appellate challenges to omissions or deviations from the SJI have been preceded by objections at the trial level. *See e.g. Bolser v Davis,* 62 Mich App 731; 233 NW2d 845 (1975), *Isom v Farrugia,* 63 Mich App 351; 234 NW2d 520 (1975), *lv den* 395 Mich 789 (1975), *Motley v Robinette,* 64 Mich App 470; 236 NW2d 102 (1975).

lyzed the two rules in terms of their respective functions, the *Javis* Court decided that the "consistent and uniform application of the SJI" would be best served by presuming prejudicial error whenever a court omits or deviates from an applicable SJI. *Id.* at 699.

In establishing this rule, the Court did not excuse trial counsel from the GCR 1963, 516 responsibility to submit proposed instructions and to object to erroneous ones. The Court stated that:

> "the initial burden is on the parties to request SJI that they may deem accurate and applicable. If the court should disagree, a party bears the burden of pointing out to the court why it considers the SJI applicable and accurate." *Id.* at 702. (Footnote omitted.)

Further, the *Javis* opinion distinguished between the responsibility of counsel when an SJI is "omitted" from his duty when there is a "deviation from a SJI". The Court provided that, before prejudicial error will be presumed, an "erroneously omitted SJI" must have been "properly requested at trial". Where an appellant charges error "as a result of a deviation from a SJI, said deviation [must have been] brought to the attention of the trial court prior to the commencement of jury deliberations". *Id.* at 702–703.

The instant case involves a deviation from the standard instructions. We read *Javis* as requiring that such a deviation be brought to the attention of the trial court in the manner mandated by GCR 1963, 516.2. Our interpretation of *Javis* is predicated on the above-cited language and, more specifically, on the reaffirmation by the *Javis* Court of its holding in *Moskalik v Dunn,* 392 Mich 583; 221 NW2d 313 (1974). The *Javis* panel noted:

"Recently, in *Moskalik v Dunn,* 392 Mich 583; 221 NW2d 313 (1974), *this Court held that an objection at trial is generally. required to preserve errors based solely on a deviation from the SJI.* In that context the majority stated:

" 'The requirement of a timely objection is not an arbitrary one. Its purpose is to avoid improper instruction and, if perchance an improper instruction which can be corrected has been given, to facilitate its correction before verdict, thereby avoiding costly new trials. The defect in the instruction was not of such magnitude as to constitute plain error requiring a new trial without regard to the failure to bring it to the attention of the judge.' 392 Mich 583, 592." 393 Mich at 702, fn 4. (Emphasis supplied.)

In the instant case, plaintiff's counsel did no more than offer proposed instructions from the SJI. He did not object to the trial court's stated intention to deviate from the SJI. Nor did he object to the actual deviations, note any inaccuracies in the court's instructions, or delineate any prejudice caused by the court's use of its own instructions. Indeed, plaintiff's counsel suggested a number of modifications which were accepted by the trial judge and then expressed satisfaction with the trial court's instructions. Our review of the court's instructions does not disclose the inaccuracies in the instructions or the injustice to plaintiff which would require reversal despite the lack of objection. We note, parenthetically, that our holding here should not be read as a condonation of the trial court's use of its own instructions in the face of applicable standard instructions and of the clear mandate of *Javis.*

Plaintiff's final appellate allegation is that reversible error resulted from the actions of a judge who had temporarily replaced the trial judge. During the jury deliberations, Judge William Beer

temporarily replaced Judge Arthur Moore, the trial judge, who was absent for medical reasons. At this time, the jury requested a review of the instructions concerning the statutes applicable to the case. The jury question was received by Judge Beer at 3:55 p.m. Since he was not personally familiar with the case, he made the following statement to the jury:

"*The Court:* Ladies and gentlemen of the Jury, the question that you sent out, which is a question of law would have to be answered only by Judge Moore. Now I am sending you back for deliberations because Judge Moore, through completely unavoidable circumstances is unable to be here the rest of the afternoon. And I direct you to resume your deliberations and think carefully about what the judge told you. You think carefully again about everything that you heard. But if you are unable to arrive at a verdict by 4:30, and in no way am I persuading anybody to give up any conclusions of the mind that they have, then I will recess you at 4:30 until tomorrow morning, and I think the time you start is 9:00. Is that right:
"All right. So once again, very carefully think about everything you have been told and instructed upon and go back in and deliberate until 4:30 this afternoon. Thank you."

After the jury had left the courtroom, Judge Beer asked both attorneys if they were satisfied with his handling of the question. Both attorneys stated unequivocally that they were satisfied. At 4:27 p.m. the jury returned a verdict of no cause of action.

Plaintiff now claims that Judge Beer's instruction improperly coerced the verdict. We disagree. Plaintiff has complied with the GCR 1963, 516.4 requirement that objections to additional instructions given during jury deliberations be made in a motion for a new trial. However, we find that

plaintiff's express satisfaction with Judge Beer's handling of the jury question places a greater burden on her to show prejudice than if plaintiff had objected to the judge's action at trial. We find no fault in Judge Beer's handling of a potentially troublesome situation. His instruction was carefully worded so as not to coerce a verdict. The result of his instruction was to send the jury back for 30 minutes and to offer a recess after that period if the need for clarification proved an obstacle. We see no coercion in such a procedure. Given Judge Beer's limited familiarity with the case, any other action may have been incorrect.

Affirmed. Costs to defendant.