PEPLINSKI v. EMPLOYMENT SECURITY COMMISSION.

APPEAL OF CURTISS-WRIGHT CORPORATION. :

1. UNEMPLOYMENT COMPENSATION—APPEAL BOARD OF EMPLOYMENT SECURITY COMMISSION—JUDICIAL REVIEW—STATUTES.

The power to review a decision relative to unemployment compensation benefits by the appeal board of the employment security commission by a circuit court, as conferred by statute, is the power to hear and determine, and is a limited judicial review to obtain which a specified procedure in specified courts must be followed (CLS 1956, § 421.38).

2. SAME—JUDICIAL REVIEW—JURISDICTION OF CIRCUIT COURT.

Jurisdiction for the limited judicial review of the determination of the appeal board of the employment security commission relative to unemployment compensation benefits, as conferred by statute and independent of the Supreme Court's constitutional authority to issue original and remedial writs, is vested exclusively with designated circuit courts (CLS 1956, § 421.38).

3. VENUE—STATUTES.

Venue is primarily a matter of convenience and, aside from specific statutory provisions, is concerned only with the place of trial of an action within the State.

4. UNEMPLOYMENT COMPENSATION—JUDICIAL REVIEW—VENUE—JURISDICTION.

The general statutory and court rule provisions relating to venue and jurisdiction have no application to the judicial review of decisions of the appeal board of the employment security commission in view of the specific provisions of the employment security act vesting specified circuit courts of the State with

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 5]  48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 46.
[3]  56 Am Jur, Venue § 2.
[6]  48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 51.

exclusive jurisdiction to review the board's decisions relative
to unemployment compensation benefits (CLS 1956, § 421.38).

5. Same—Judicial Review—Circuit Courts—Venue.

Jurisdiction to review decisions of the appeal board of the
employment security commission is conferred upon the circuit
court of the county in which the claimant for unemployment
compensation benefits resides or Ingham county, and where the
review is sought elsewhere, the writ must be dismissed in the
absence of provision for change of venue (CLS 1956, § 421.38).

6. Same—Costs—Construction of Statutes.

No costs are allowed in proceeding to recover unemployment
compensation benefits, where sole matter of review was a
question of statutory construction (CLS 1956, § 421.38).

Appeal from Wayne; FitzGerald (Frank), J.
Submitted April 6, 1960. (Docket No. 26, Calendar
No. 48,470.) Decided June 6, 1960.

Edward Peplinski, an employee of Curtiss-Wright
Corporation, Utica Bend Division, filed his claim for
unemployment benefits which was denied by the
Employment Security Commission and its appeal
board. Certiorari issued in county in which claim-
ant did not reside. Motion to dismiss denied, and
claimant's motion for change of venue granted. De-
fendant employer appeals. Reversed and remanded.

*Rothe, Marston, Mazey, Sachs & O'Connell,* for
plaintiff.

*Anthony G. Jeffries* and *Harold R. Sullivan,* for
defendant Curtiss-Wright Corporation, Utica Bend
Division.

Smith, J. This case concerns the proper forum
for consideration of an appeal from the appeal
board of the Michigan employment security commis-
sion.

The facts are not in dispute. The plaintiff, a resident of Macomb county, Michigan, was employed by the defendant Curtiss-Wright Corporation in its Utica Bend division, in Macomb county. Dissatisfied with a determination of the appeal board of the employment security commission, he filed a petition for writ of certiorari in the Wayne circuit court. The writ was issued and noticed for hearing. Defendant thereupon appeared specially and moved to dismiss for lack of jurisdiction in the Wayne circuit. Plaintiff conceded that he resided in Macomb county and countered with a motion for change of venue to such county. This motion was granted, the motion to dismiss denied, and defendant is before us upon leave granted.

The controlling statute[1] provides as follows:

"The findings of fact made by the appeal board acting within its powers if supported by the great weight of the evidence, shall, in the absence of fraud, be conclusive, but the circuit court of the county, in which the claimant resides or in which the employer's principal place of business in Michigan is located, if no claimant is a party to the case, or the circuit court for the county of Ingham shall have power to review questions of fact and law on the record made before the referee and the appeal board involved in any such final decision, but said court may reverse such decision of said appeal board upon a question of fact only if it finds that said decision of the appeal board is contrary to the great weight of the evidence: Provided, That application is made within 15 days after mailing of a copy of such decision, by certiorari or by any other method permissible under the rules and practices of the circuit courts of this State, and to make such further orders in respect thereto as justice may require. The commission shall be deemed to be a party to any judicial action involving any such decision. An appeal may

[1] CLS 1956, § 421.38 (Stat Ann 1959 Cum Supp § 17.540).

be had from the decision of said circuit court in the same manner as provided by the laws of this State with respect to appeals from circuit courts."

The "power to review" thus granted is the power to hear and determine. It is language of jurisdiction.[2] The right of appeal granted; we note, is purely statutory, and in so saying we are not unaware of our constitutional authority to issue original and remedial writs. But here the legislature has provided for a limited judicial review, to obtain which a specified procedure in specified courts must be followed. The benefits in question do not accrue in the course of the common law but have their "roots in legislative enactments,"[3] which enactments prescribe both the nature of the benefits and the remedies to be pursued in their effectuation. Jurisdiction for the limited judicial review available is vested exclusively with designated circuit courts.[4]

With much of what appellee asserts, and what the trial court held, respecting venue, and change of venue, we are in accord. Venue is primarily a matter of convenience. Properly construed, and without reference to specific statutory enactments, it "has nothing whatsoever to do with jurisdiction— instead it is concerned only with the place of trial of an action within the State."[5] But here we have express statutory provisions regulating the appeal, namely, the procedure, the scope of review, and the courts empowered to hear the same. The general provisions of the statute and rules relating to venue and jurisdiction thus have no application to this particular situation.

---

[2] *Langdon* v. *Judges of the Wayne Circuit Court*, 76 Mich 358.

[3] *Scott* v. *Nevada Employment Security Department*, 70 Nev 555, 557 (278 P2d 602, 603).

[4] *Mooney* v. *Unemployment Compensation Commission*, 336 Mich 344.

[5] Joint Committee on Michigan Procedural Revision, Final Report (1960), part 2, Proposed Statutes and Comments, p 89.

The disposition of causes of action upon narrow procedural grounds without a hearing on the merits thereof does not commend itself to any modern system of jurisprudence, but as the statute is drafted it is clear, unambiguous, and presents no alternative. We have observed, in our research upon the matter, that certain States have passed curative acts to prevent the result here necessarily reached. Thus we find in article 8307a of the Texas revised civil statutes, a requirement, with respect to workmen's compensation, that an action to set aside the ruling of the industrial accident board shall be brought "in the county where the injury occurred." But it then goes on to provide that:

"In the event such suit is brought in any county other than the county where the injury occurred, the court in which the same is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the case to the proper court in the county where the injury occurred."

Prior to the effective date of article 8307a, it had been held that where an action had been filed in the wrong county the court was without jurisdiction of the subject matter and could only dismiss.[6]

The orders appealed from are reversed and the case remanded to the circuit court for entry of orders consistent herewith. No costs, a question of statutory construction.

DETHMERS, C. J., and CARR, KELLY, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred with SMITH, J.

BLACK, J. (concurring). I agree that the statute considered in the opinion of Mr. Justice SMITH (CLS 1956, § 421.38 [Stat Ann 1959 Cum Supp § 17.540])

---

6 *Federal Underwriters Exchange* v. *Pugh,* 141 Tex 539, 542 (174 SW2d 598).

provides "for a limited judicial review." Too, I agree that plaintiff's right to review the appeal board's decision was exclusively provided by that statute.

The statute, fully procedural in nature as to its provision for judicial review, does not conflict with any adopted rule of our Court. Thus upon enactment it became an adopted rule of practice by force of 27-year-old section 3 of Court Rule No 1 (1945).* See *Darr* v. *Buckley,* 355 Mich 392, syllabus No 2.

This is not a proper occasion for determination of stated question 1†, that is, whether circuit court venue is substantively jurisdictional. For such reason I am not ready to commit my signature to a ruling which might be construed as holding that this Court does not have authority to determine circuit court venue by rule adopted pursuant to Const 1908, art 7, §§ 4, 5.

Whether venue is "jurisdictional" or not, the fact remains that this employer's special appearance and motion to dismiss were quite in order. The situation might be otherwise had all parties unreservedly squared off to obtain (and did obtain) a judicial decision of meritorious affirmance or reversal of the administrative ruling in question. See to the point *Panhandle Eastern Pipe Line Co.* v. *Federal Power Commission,* 324 US 635, 638, 639 (65 S Ct 821, 89 L ed 1241).

The employer, having raised the question of improper venue by timely motion, was entitled to a determination below that the writ had been sued out in the wrong circuit and that it should on that account

---

* Present wording adopted in 1933 revision.—REPORTER.

† "Is the provision in section 38 of the Michigan employment security act, being CLS 1956, § 421.38 (Stat Ann 1959 Cum Supp § 17.540), that a claimant may appeal by way of certiorari from a final decision of the appeal board of the Michigan employment security commission to the circuit court in the county in which he resides, or to the county of Ingham, a direct jurisdictional requirement?"

be dismissed. Wayne county is not the county of plaintiff's residence. Neither is it the county where the employer's "principal place of business in Michigan" is located. And the writ was not sued out in the Ingham circuit. Under the aforesaid statutory rule, designating as it does the proper circuit court to which the petitioner's application for certiorari should be addressed, the employer's motion was good and should have been granted.

I concur in reversal.