CHRYSLER CORPORATION v. EMPLOYMENT
SECURITY COMMISSION.

1. VENUE—REVIEW OF DETERMINATION BY EMPLOYMENT SECURITY
APPEAL BOARD—COURT RULE—STATUTES.
  Provision of court rule relative to change of venue "for con-
  venience of parties" did not nullify statutory provision as to
  venue for judicial review of determinations by the employment
  security appeal board, wherein is found no provision for change
  of venue (CLS 1961, § 421.38; GCR 1963, 403).

2. SAME—CHANGE OF VENUE—EMPLOYMENT SECURITY APPEAL BOARD
—CONVENIENCE OF PARTIES.
  Denial of motion by claimant for change of venue of appeal of
  the employment security commission appeal board from the
  Ingham circuit to the Wayne circuit was not error, where the
  appeal was to the Ingham circuit, as permitted by employment
  security act, and such act which did not authorize a change in
  venue has not been nullified by subsequently adopted court
  rule generally authorizing a change of venue "for the conven-
  ience of the parties and witnesses," it being observed that the
  review proceeding did not involve others than attorneys (CLS
  1961, § 421.38; GCR 1963, 403).

Appeal from Ingham; Coash (Louis E.), J. Sub-
mitted June 8, 1965. Calendar No. 2, Docket No.
50,827.) Decided December 7, 1965.

Halina S. Raiss presented her claim for unemploy-
ment compensation to the Michigan Employment Se-
curity Commission against Chrysler Corporation

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 2 Am Jur 2d, Administrative Law § 737.
  Venue of actions or proceedings against public officers. 48 ALR2d
  423.

and Ford Motor Company. Benefits awarded by appeal board of defendant commission. Chrysler Corporation sought review by writ of superintending control in the Ingham circuit. Defendant Raiss' motion for change of venue denied. Defendant Raiss appeals. Affirmed.

*G. Lee Philp* and *Walter B. Maher,* for plaintiff.

*Livingston, Gregory, Van Lopik & Cranefield* (*Nancy Jean Van Lopik* and *Winston L. Livingston,* of counsel), for defendant Raiss.

*Wright Tisdale* (*Richard B. Darragh, Joseph A. O'Reilly,* and *Richard A. Fellrath,* of counsel), for defendant Ford Motor Company.

KELLY, J.   A decision of the employment security appeal board was appealed to the Ingham circuit court by plaintiff employer whose principal place of business was located in Wayne county. Defendant Raiss, claimant, filed answer thereto and a motion to change venue from Ingham county to Wayne county. She is a resident of Wayne county. The circuit court denied the motion to change venue and, upon leave granted,* defendant Raiss appeals. She had been an employee of the plaintiff before and after employment by defendant Ford Motor Company.

CLS 1961, § 421.38 (Stat Ann 1960 Rev § 17.540), pertains to proceedings to review decisions of the employment security appeal board to the exclusion of all general statutes on the subject of review and provides in part as follows:

.   "The findings of fact made by the appeal board acting within its powers if supported by the great

---

* See GCR 1963, 806.2(6).   Currently, see GCR 1963, 806.2(1), 373 Mich xxxviii.—REPORTER.

weight of the evidence, shall, in the absence of fraud, be conclusive, but the circuit court of the county, in which the claimant resides or in which the employer's principal place of business in Michigan is located, if no claimant is a party to the case, or the circuit court for the county of Ingham shall have power to review questions of fact and law on the record made before the referee and the appeal board involved in any such final decision, but said court may reverse such decision of said appeal board upon a question of fact only if it finds that said decision of the appeal board is contrary to the great weight of the evidence."

Appellant admits that in *Peplinski* v. *Employment Security Commission* (1960), 359 Mich 665, this Court in essence held that section 38 was the only provision governing appeals from the appeal board; that appeals must be in strict conformity to this section and that since it contained no provision for transfer of causes such a transfer could not be made, and conceded that if the 1960 decision was controlling today, appellant would have no grounds for appeal.

Appellant claims, however, that this Court nullified the provisions of section 38 of the Michigan employment security act and abandoned our 1960 *Peplinski* decision when we adopted GCR 1963, 403, providing:

"The venue of any civil action properly laid may be changed to any other county by order of the court upon timely motion by one of the parties, for convenience of parties and witnesses, or when an impartial trial cannot be had in the county wherein the action is pending."

During argument before the trial court and in the brief submitted to this Court, appellant stresses our words in GCR 1963, 403, "for convenience of par-

ties." Answering this argument, the trial judge stated:

"Yes, I know that part about the convenience of the parties. In this kind of an action there is no testimony taken in this court. The only parties to the action are the attorneys. We do not take any testimony. We do not receive any exhibits. We do nothing except review the record and the law pertaining to it."

Defendant and appellee Ford Motor Company answers appellant's argument as follows:

"GCR 1963, 403 does not mention *convenience of counsel;* however, assuming that it did, the Ingham county circuit court located in Lansing is easily accessible to counsel residing in Wayne county by virtue of the modern freeway system which permits a person to travel by automobile from the Detroit area to Lansing in little over an hour. Moreover, of the five interested parties to this action only one has asked for a change of venue from Ingham to Wayne";

and the attorney general, representing the Michigan employment security commission, in his brief in opposition to appellant's application for leave to appeal, stated:

"The [appellant's] argument regarding the additional cost which may be entailed by the filing of appeals in Ingham circuit rather than Wayne is not well founded and, as a consequence, on that basis, this matter is of little or no significance to the jurisprudence of this State."

In this same brief the attorney general contended that the circuit court did not abuse its discretion in denying appellant's motion for change of venue and that "there is no showing that it was capricious or prejudicial to the rights of the appellant."

GCR 1963, 403, did not nullify the statutory provision. The court did not err in denying defendant's motion for change of venue.

Affirmed. Costs to appellees.

T. M. KAVANAGH, C. J., and DETHMERS, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.