PEREZ v. CHRYSLER CORPORATION

1. UNEMPLOYMENT COMPENSATION—JUDICIAL REVIEW—CIRCUIT COURT JURISDICTION—CLAIMANT'S RESIDENCE.

   The statute setting forth the appropriate circuit court before which review of a decision of the Employment Security Commission Appeal Board may be brought is a jurisdictional statute, not merely a statute concerning venue; a motion for review of a decision of the appeal board was properly dismissed where the claimant, who moved for review, was not a resident of the county of the circuit court before which the motion was made (MCLA § 421.38).

2. UNEMPLOYMENT COMPENSATION—JUDICIAL REVIEW—CIRCUIT COURT JURISDICTION—STATUTES—CONSTRUCTION—AMENDMENTS.

   The statute governing the limitation of jurisdiction of circuit courts to review decisions of the Employment Security Commission Appeal Board has not been rendered merely a matter of venue by a subsequent provision in the Revised Judicature Act giving circuit courts venue-transferring power, because the provision in the Revised Judicature Act is not a jurisdiction provision, but deals only with venue and because the Legislature has amended the provisions governing review of unemployment compensation cases, after the Michigan Supreme Court interpreted the provisions as imposing jurisdictional limits, and the Legislature chose not to change the language in the statute (MCLA §§ 421.38, 600.1651).

3. STATUTES—CONSTRUCTION—AMENDMENT—INTERVENING JUDICIAL CONSTRUCTION.

   Legislative amendment of a statute must be taken as approval of a prior judicial construction of the language of the statute

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 46 et seq.
[3] 50 Am Jur, Statutes § 441 et seq.

where the amendment does not change the language previously construed by the court.

4. Unemployment Compensation—Circuit Court Jurisdiction—Transferring Venue—Improper Jurisdiction.

> A provision of the Revised Judicature Act giving circuit courts venue-transferring power does not enable a circuit court, before which an appeal from the Employment Security Commission Appeal Board has erroneously been brought because the claimant is a resident of another county, to merely transfer the appeal to the county of the claimant's residence; the circuit court must dismiss the appeal for lack of jurisdiction (MCLA §§ 421.38, 600.1651).

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 June 8, 1971, at Detroit. (Docket No. 7313.) Decided September 27, 1971.

Susan Perez presented her claim for unemployment compensation benefits against Chrysler Corporation. Benefits denied by the Employment Security Commission Appeal Board. Plaintiff filed a motion for review in circuit court. Defendant's motion to dismiss granted. Plaintiff appeals by leave granted. Affirmed.

*Thomas, Saunders & Gualtieri,* for plaintiff.

*Walter B. Maher,* for defendant Chrysler Corporation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Felix E. League,* Assistant Attorney General, for appellee Michigan Employment Security Commission.

Amicus Curiae: International Union, United Auto Workers (by *Stephen I. Schlossberg, John A.*

*Fillion, Jordan Rossen, Bernard F. Ashe,* and *Stanley Lubin*).

Before: J. H. GILLIS, P. J., and QUINN and V. J. BRENNAN, JJ.

V. J. BRENNAN, J.   Claimant appellant, a resident of Macomb County, was employed by appellee at one of its plants in Wayne County (which county is also appellee's principal place of business).  From an adverse decision of the Employment Security Appeal Board, claimant filed a timely motion for review in Wayne County.  Wayne County Circuit Judge Joseph Rashid granted appellee's motion to dismiss on the ground that claimant was not a resident of Wayne County, and therefore, the circuit court of that county did not have jurisdiction under MCLA § 421.38 (Stat Ann 1968 Rev § 17.540), citing *Peplinski* v. *Employment Security Commission* (1960), 359 Mich 665.

The above-cited statute provides for review of decisions of the Employment Security Commission, and states, in pertinent part:

"The circuit court of the county in which the claimant resides, or, if no claimant is a party to the case, the circuit court of the county in which the employer's principal place of business in Michigan is located, or in any case the circuit court for the county of Ingham, shall have power to review questions of fact and law on the record made before the referee and the appeal board involved in any such final order or decision of said appeal board."

In *Peplinski, supra,* the Supreme Court held that this statute granted jurisdiction only to certain circuit courts, and that if an appeal were brought to the wrong circuit court that court could do nothing

other than dismiss the appeal for lack of jurisdiction.

Claimant appellant contends that changes in the Constitution of Michigan, the Revised Judicature Act, and the General Court Rules which have occurred since the Supreme Court's decision in *Peplinski* would require reversal of that decision. We will consider claimant's arguments *ad seriatim*.

First, at the time *Peplinski* was decided, the Constitution of the State of Michigan provided:

"The judicial power shall be vested in 1 Supreme court, circuits courts, * * * ." Const 1908, art 7, § 1.

The 1963 Constitution of the State of Michigan provides:

"The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court * * * ." art 6, § 1.

Claimant argues that since the new constitution created a unitary circuit court, the statute providing for appeals from the commission must now refer to venue, and not jurisdiction. Judge Rashid disposed of this argument as follows:

"The court cannot agree with this contention as the section [Const 1963, *supra*] relied upon by claimant-appellant must be considered with Section 13 of Article VI of the Michigan Constitution of 1963, which section provides as follows:

" '*The circuit court shall have original jurisdiction in all matters not prohibited by law;* appellate jurisdiction from all inferior courts and tribunals except as otherwise provided by law.' (Emphasis in original.)

"Clearly, as contended by appellee-employer herein, the circuit courts do not have jurisdiction *to hear any matter.* The foregoing limitation is imposed thereon. Not only the original jurisdiction but the appellate jurisdiction of the circuit courts are limited by acts of the Legislature. The conclusion is inescapable that section 38 of the act (MCLA § 421.38) is such a limiting statute. Section 38, in the opinion of this court, is a legislative directive indicating that only specified circuit courts in Michigan were empowered to hear appeals from decisions of the appeal board. This conclusion is supported by *Peplinski,* * * * ."[1] (Emphasis in original.)

We concur with both Judge Rashid's analysis and conclusion.

Claimant next argues that § 1651 of the Revised Judicature Act (MCLA § 600.1651 [Stat Ann 1962 Rev § 27A.1651]) would compel a result different from that in *Peplinski.* That section provides:

"An action brought in a county not designated as a proper county may nevertheless be tried therein, unless a defendant moves for a change of venue. within the time and in the manner provided by court rule, in which case the court shall transfer the action to a proper county on such conditions relative to expense and costs as may be provided by court rule. The court of the county to which the transfer is made, shall thereupon have full jurisdiction of the action as though the action had been originally commenced therein."

In order to concur with claimant's argument, we would have to hold that this section is a grant of jurisdiction enabling all circuit courts to hear cases in which the Legislature has elsewhere limited jurisdiction to other circuits. This we cannot do for two

---

[1] Opinion of Wayne County Circuit Judge Rashid, filed March 4, 1969, p 6.

reasons: first, according to MCLA § 600.1601 (Stat Ann 1962 Rev § 27A.1601) the cited section deals with venue and not jurisdiction; and second, the statutory review provision here in question was amended by the Legislature in 1967 (PA 1967, No 254).

If the Legislature disagreed with the interpretation given to that statute in *Peplinski*, they could have changed the language at that time. Since they did not elect to do so, we must assume that the Legislature agrees with the interpretation given to the statute by the Supreme Court. *Chrysler Corp.* v. *Smith* (1941), 297 Mich 438, 452.

Claimant finally argues that GCR 1963, 403 (as amended December 7, 1965; adopted December 8, 1965)[2] would authorize a circuit court judge who has before him an appeal from the MESC to issue an order changing venue, despite the fact that he does not have jurisdiction as provided by statute. In this phraseology, the argument dismisses itself: a court without jurisdiction in a case can do nothing more than dismiss that case. Furthermore, the amendment to the court rule cited by claimant was obviously adopted in view of the Supreme Court's decision in *Chrysler Corporation* v. *Employment Security Commission* (1965), 377 Mich 26, which was decided on the same day rule 403 was amended. In that case, the Court held that even a court with

---

[2] General Court Rule 1963, 403 [as amended December 7, 1965; adopted December 8, 1965] (language added by amendment in brackets):

"The venue of any civil action properly laid [, or of an appeal from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules and regulations,] may be changed to any other county by order of the court upon timely motion by one of the parties, for convenience of parties and witnesses, [or, in the case of appellate review of the administrative proceedings aforementioned, for convenience of counsel,] or when an impartial trial cannot be had in the county where the action is pending."

jurisdiction to hear an appeal from the MESC did not have statutory authority to issue a change of venue. The amended rule was issued to correct this situation, and nothing else.
   Affirmed.
   All concurred.