VARGO v DENISON

Docket No. 76542. Submitted January 16, 1985, at Detroit.—Decided
February 5, 1985. Leave to appeal applied for.

Marlene and Julius Vargo brought an action for damages alleg-
edly suffered by Marlene Vargo in an automobile accident.
Marlene Vargo was a passenger in an automobile driven by her
husband when it was struck by a truck driven by defendant
Robert T. Denison. The truck was owned by defendant D. L.
Peterson Trust and leased to Denison's employer, defendant
ITT Continental Baking Company. The jury returned a verdict
of no cause of action, finding that defendant Denison had been
negligent but that his negligence was not the proximate cause
of Marlene Vargo's injuries. The Wayne Circuit Court, Helene
N. White, J., granted plaintiffs' motion for a new trial. Defen-
dants' motion for a rehearing on the new trial issue was denied
and defendants appealed by leave granted. *Held:*

1. A two-step analysis is to be used in reviewing a trial
court's decision to grant a motion for a new trial to determine
whether the grant was an abuse of discretion. First, were the
reasons for granting the new trial legally recognizable, and,
second, are those reasons supported by a reasonable interpreta-
tion of the record.

2. The trial court's conclusion that the verdict was against
the great weight of the evidence is not supported by the record.
The trial court was not empowered to substitute its judgment
for that of the jury based on the court's feelings regarding the
credibility of the plaintiff.

Reversed.

1. NEW TRIAL — APPEAL — MOTIONS AND ORDERS.

The grant or denial of a motion for a new trial rests in the
discretion of the trial court and will not be disturbed on appeal
absent an abuse of discretion.

2. NEW TRIAL — APPEAL — MOTIONS AND ORDERS.

A two-step analysis is used in reviewing a trial court's decision to

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur 2d, New Trial §§ 212, 213.
[2] 58 Am Jur 2d, New Trial § 129 *et seq.*

grant a motion for a new trial: first, were the reasons assigned for granting the motion legally recognized and, second, were those reasons supported by a reasonable interpretation of the record.

3. NEW TRIAL — JURY VERDICT — DEMONSTRABLE ERRORS.

A trial judge does not have unlimited power to grant a new trial merely because he does not agree with the jury's verdict; he may not substitute his judgment for that of the finders of fact and the grant of a new trial should be based upon demonstrable errors in the trial.

*Meklir, Schreier, Nolish & Friedman, P.C.* (by *Ira B. Saperstein*), for plaintiffs.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for defendants.

Before: CYNAR, P.J., and BEASLEY and R. E. ROBINSON,* JJ.

PER CURIAM. Plaintiffs brought suit in Wayne County Circuit Court seeking damages for injuries suffered in an automobile accident. The jury found no cause of action. Plaintiffs made a motion for a new trial. The motion was granted on June 29, 1983. Defendants' motion for rehearing was denied. Defendants now appeal to this Court by leave granted.

The accident occurred on April 14, 1977. The Defendant Robert Denison was driving a truck which collided with the vehicle in which plaintiff Marlene Vargo was a passenger. Marlene Vargo testified that she experienced dizziness and headaches, as well as throbbing pain in her left shoulder and arm after the accident. She used hot baths, massages and a heating pad to treat the pain. Six and one-half months after the accident she sought acupuncture treatment from Dr. Lu,

---

* Retired circuit judge, sitting on the Court of Appeals by assignment.

M.D. He treated her for one month. Mrs. Vargo was later referred to Dr. Leonard Sahn, a neurologist, by her insurance company. Mrs. Vargo testified at trial that she continued to suffer pain and that her range of motion was restricted.

Dr. Sahn testified by videotape deposition. He stated that plaintiff suffered from osteoporosis, osteoarthritis and degenerative disc disease. He stated that he felt plaintiff's complaints were genuine, that her disability was permanent and that she would suffer continuing pain. Dr. Sahn stated that he believed that Mrs. Vargo's conditions predated the accident, but that the accident was the cause of her pain.

The jury, in a special verdict, held that defendant Denison was negligent, but also found that his negligence was not the proximate cause of plaintiff's injuries. Subsequently, plaintiffs moved for a new trial. The motion was granted. Defendants' motion for rehearing was denied.

The issue is whether the trial court abused its discretion by granting plaintiffs a new trial. We find that there was an abuse of discretion and reverse the trial court.

The grant or denial of a motion for a new trial rests in the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Andrews v Ins Co of North America,* 394 Mich 464; 231 NW2d 645 (1975). In *Benmark v Steffen,* 9 Mich App 416; 157 NW2d 468 (1968), this Court recognized a two-step analysis which should be used in reviewing a trial court's decision to grant a motion for a new trial. First, the reviewing court must determine if the reasons assigned for granting the motion are legally recognized. Second, the reviewing court should determine whether the reasons are supported by a reasonable interpretation of the record.

The first part of the *Benmark* test was satisfied. GCR 1963, 527.1(5) allows the court to set aside the jury's verdict where it is against the great weight of the evidence. However, the second part of the test has not been satisfied. A reasonable interpretation of the record does not support the trial court's conclusion that the verdict was against the great weight of the evidence. The trial judge stated that, in her opinion, Mrs. Vargo was a person "beyond the range of experience" of the jurors. The judge stated that the jurors ignored evidence about Mrs. Vargo's personality and that she was absolutely convinced that the jury's verdict was a mistake. The trial judge granted the new trial based on the credibility of the plaintiff. That reason was outside of the bounds of the trial court's discretion.

In *Woodin v Durfee,* 46 Mich 424, 427; 9 NW 457 (1881), Justice COOLEY wrote:

"It is said that on some points there was no evidence of a conflicting nature; but that does not aid the claimant. A jury may disbelieve the most positive evidence, even when it stands uncontradicted; and the judge cannot take from them their right of judgment. If they return what he thinks is a perverse verdict, he may set it aside and order a new trial; but he cannot take upon himself their functions as was done here."

Similarly this Court stated in *Humphrey v Bay Refining Co,* 16 Mich App 394, 397-398; 168 NW2d 314 (1969), *lv den* 382 Mich 760 (1969):

"Nevertheless the rule does not give a trial judge unlimited power to grant a new trial merely because he does not agree with the verdict. He may not substitute his judgment for that of the finders of fact, and a grant of new trial should be based upon demonstrable errors in the trial."

The trial court abused its discretion in granting a new trial. *Vanden Bosch v Consumers Power Co,* 56 Mich App 543; 224 NW2d 900 (1974), *rev'd on other grounds,* 394 Mich 428; 230 NW2d 271 (1975).

Reversed.