TEMPCO HEATING & COOLING, INC v A REA CONSTRUCTION, INC

Docket No. 105479. Submitted April 13, 1989, at Lansing. Decided July 6, 1989.

A. Rea Construction, Inc., was general contractor for the Walter P. Reuther Psychiatric Hospital construction project in Westland, Michigan. Williamson Mechanical, Inc., was a subcontractor to Rea Construction. Tempco Heating & Cooling, Inc., was a subcontractor to Williamson. A payment bond was obtained pursuant to statute naming Rea Construction as principal and American Casualty Company as surety. Williamson failed to pay Tempco $16,900 for labor and materials furnished. Tempco filed suit against Rea Construction and American Casualty (defendants) in Oakland Circuit Court alleging liability of the defendants in connection with the Reuther Psychiatric Hospital project pursuant to the payment bond. Plaintiff also named Williamson Mechanical and some of its individual officers in separate counts in connection with an unrelated construction project involving Detroit Osteopathic Hospital. Defendants moved to dismiss for lack of jurisdiction pursuant to the bond act. The motion was denied, the court ruling that the statute was not jurisdictional and that the actions should remain joined in order to prevent multiplicity of litigation. Defendants then moved for summary disposition, arguing that plaintiff had failed to satisfy the statutory notice requirements of the act. The court denied the motion on the basis that there existed genuine issues of material fact. The court orally directed the parties to submit a stipulation of facts plus proposed findings of fact and rulings of law so that the court could decide the matter on submission of briefs. The parties failed to comply and the court by letter set forth a briefing schedule and adjourned the hearing date to June 1, 1987. The parties again failed to comply and the court issued another letter on May 28, 1987, adjourning the hearing date to July 1, 1987, and request-

REFERENCES

Am Jur 2d, Contractors' Bonds §§ 78, 114 *et seq.*

Timeliness of notice to public works contractor on federal project, of indebtedness for labor or materials furnished. 69 ALR Fed 600.

ing the parties to file their own statements of facts with their brief. The court indicated that no further adjournments would be granted. Defendants failed to comply, ostensibly because they did not receive the letter of May 28, 1987, and did not know of the July 1 deadline until July 1, when they received a copy of plaintiff's brief. Defendants contacted the trial judge's clerk, who informed them that it was too late to file a brief and that the matter had been submitted for decision. On July 20, 1987, the court, David F. Breck, J., rendered judgment in favor of plaintiff on its payment bond claim. On November 6, 1987, the court denied defendants' motion for a new trial. Defendants appealed.

The Court of Appeals *held:*

1. The trial court did not err in determining that MCL 129.209; MSA 5.2321(9) is a venue statute, not a jurisdictional statute. The statute empowers the circuit court to entertain actions pursuant to a payment bond and does not contain language of jurisdiction. The language of the statute is not directed towards the circuit court's authority to hear and review specific matters and does not limit the court's scope of review, rather, it concerns itself with where the action shall be brought.

2. The court did not err in refusing to change venue on grounds of improper joinder.

3. Defendants were not denied due process of law when the trial court proceeded to decide the action on briefs after defendants failed to file briefs. The court's procedure did not deny defendants their rights to due process of law.

4. The trial court erred in finding that plaintiff had strictly complied with the notice requirements of MCL 129.207; MSA 5.2321(7). The court abused its discretion in refusing defendants' request for a new trial on the ground that it erred in its finding that plaintiff had strictly complied with the notice requirements.

Reversed and remanded for a new trial.

1. Bonds — Payment Bonds — Venue — Revised Judicature Act.

A statute empowering the circuit court to entertain actions pursuant to a payment bond and which does not contain language of jurisdiction is not a statute of jurisdiction but one of venue governed by the Revised Judicature Act, which was intended to allow the circuit court to act upon matters brought in an improper county unless venue was properly transferred in the manner provided by court rule (MCL 129.203, 600.1651; MSA 5.2321[3], 27A.1651).

2. Venue — Revised Judicature Act.

Venue may be had in any county in which one of the joined causes of action could be tried, subject to separation and change of venue as provided by court rule (MCL 600.1641; MSA 27A.1641).

3. Bonds — Payment Bonds — Public Buildings or Works — Subcontractors — Notice of Materials and Labor Furnished.

A subcontractor which does not have a direct contractual relationship with the principal contractor for the construction of a public building or work is required to give the principal contractor written notice of materials and labor furnished, to whom, and at which site within thirty days after providing the first of such materials or labor in order to recover on a payment bond; furthermore, within ninety days from the date on which the last materials or labor were provided, the subcontractor must give the principal contractor, as well as the participating governmental unit, written notice of the amount claimed and the party to whom the materials or labor were provided; strict compliance with these notice requirements is necessary (MCL 129.207; MSA 5.2321[7]).

*Snyder & Handler, P.C.* (by *Stanley Weingarden* and *David S. Snyder*), for plaintiff.

*Allen C. Ingle,* for defendants.

Before: Beasley, P.J., and Weaver and Cavanagh, JJ.

Per Curiam. Defendants A. Rea Construction, Inc., and American Casualty Company appeal as of right from a circuit court order granting judgment for plaintiff and from an order denying defendants' motion for new trial. We reverse and remand.

I

Defendant A. Rea Construction, Inc., was a general contractor for the Walter P. Reuther Psychiatric Hospital construction project in Westland, Michigan. Williamson Mechanical, Inc., was a sub-

contractor to Rea Construction. Plaintiff was a subcontractor to Williamson. A payment bond was obtained pursuant to MCL 129.203; MSA 5.2321(3), naming Rea Construction as principal and defendant American Casualty Company as surety.

Plaintiff is attempting to recover on the payment bond for Williamson Mechanical's failure to pay plaintiff $16,900 for labor furnished and materials supplied in connection with the Reuther Psychiatric Hospital project. Plaintiff alleges that by certified mail dated March 28, 1983, it sent to both Rea Construction and the State of Michigan, Department of Management and Budget, a notice of furnishing materials or labor on a bonded project. This notice indicated a work commencement date of February 16, 1983. Plaintiff asserts August 28, 1983, as the last date labor was performed or materials supplied. Stating its reliance on the payment bond for payment, plaintiff notified the State of Michigan, by certified letter dated September 15, 1983, of the $16,900 outstanding from Williamson Mechanical. On September 16, 1983, plaintiff sent a similar notice to American Casualty.

Plaintiff filed suit in Oakland Circuit Court on October 26, 1983, alleging liability of Rea Construction and American Casualty pursuant to the payment bond. No other defendants were named in connection with the Reuther Psychiatric Hospital project. However, plaintiff named in separate counts, in connection with an unrelated construction project involving Detroit Osteopathic Hospital, Williamson Mechanical and certain of Williamson's individual officers.

Before answering, Rea Construction and American Casualty moved to dismiss for lack of jurisdiction pursuant to MCL 129.209; MSA 5.2321(9). The court denied this motion, ruling that the statute

was not jurisdictional and that the actions should remain joined in order to prevent multiplicity of litigation. Rea Construction and American Casualty later moved for summary disposition, arguing that plaintiff had failed to satisfy the statutory notice requirements of MCL 129.207; MSA 5.2321(7). After plaintiff responded with an affidavit indicating that the notice requirements had been satisfied, the trial court denied defendants' motion on the basis that there existed genuine issues of material fact.

When Williamson Mechanical filed for bankruptcy on March 7, 1985, an automatic stay was issued. As to Rea Construction and American Casualty, however, this stay was lifted and the matter reinstated on September 12, 1986, on the basis that plaintiff's count against Rea Construction and American Casualty did not involve Williamson.

On December 11, 1986, the trial court orally directed the parties to submit by February 1, 1987, a stipulation of facts plus proposed findings of fact and rulings of law so that the court could decide the matter on submission of briefs. When the parties failed to comply, the trial court by letter of April 17, 1987, set forth a briefing schedule and adjourned the "hearing" date to June 1, 1987. When the parties again failed to comply, the trial court on May 28, 1987, issued another letter adjourning the hearing date to July 1, 1987, and requesting the parties to file their own statements of facts with their briefs. The court indicated that no further adjournments would be granted.

Defendants assert that they never received the letter of May 28, 1987, and that it was not until July 1, 1987, when they received a copy of plaintiff's brief, that they were alerted to a problem. When defendants then contacted the trial judge's clerk, they were informed that it was too late to

file a brief and that the matter had been submitted for decision.

On July 30, 1987, the trial court rendered judgment in favor of plaintiff on its payment bond claim. On November 6, 1987, the trial court denied defendants' motion for a new trial. Defendants appeal as of right.

II

On appeal, defendants argue that the trial court erred in determining that MCL 129.209; MSA 5.2321(9)[1] was a venue statute and not jurisdictional.[2] We disagree with this contention.

Defendants misplace reliance upon *Peplinski v Employment Security Comm,* 359 Mich 665; 103 NW2d 454 (1960). In that case, the relevant statute was MCL 421.38; MSA 17.540, which gave the circuit court authority to review decisions of the Employment Security Commission Appeal Board, providing in pertinent part: "[t]he circuit court . . . shall have power to review questions of fact and law on the record made before the referee and the appeal board." *Id.* at 667. The Michigan Supreme Court ruled that this statute was jurisdictional and that therefore the general provisions of those statutes and rules relating to venue and jurisdiction were inapplicable. *Id.* at 668.

Contrary to the statute in *Peplinski,* which case appears to have been decided on the specific lan-

[1] MCL 129.209; MSA 5.2321(9) provides:

An action instituted on the payment bond shall be brought only in the appropriate court in the political subdivision in which the contract was to be performed. No action shall be commenced after the expiration of 1 year from the date on which final payment was made to the principal contractor.

[2] Although defendants' motion was one to dismiss, the trial court treated it as a motion for change of venue. Such action was within the trial court's powers. See *Whiting v Neuman,* 11 Mich App 201, 208; 160 NW2d 795 (1968).

guage of the statute there involved, the statute in this case empowers the circuit court to entertain actions pursuant to a payment bond. Unlike the language of the statute in *Peplinski,* the language of the instant statute is not directed towards the circuit court's authority to hear and review specific matters and does not limit the court's scope of review. Instead, the statute concerns itself with where the action "shall be brought."

Where, as here, a particular statute does not contain language of jurisdiction, we believe that the statute is not one of jurisdiction but of venue, governed by the Revised Judicature Act, MCL 600.1651; MSA 27A.1651,[3] which was intended to allow the circuit court to act upon matters brought in an improper county unless venue was properly transferred in the manner provided by court rule.[4] Accordingly, the trial court did not err in finding the statute to be one of venue.

Next we address the issue of whether the trial court erred by refusing to change venue on grounds of improper joinder. MCL 600.1641; MSA 27A.1641 authorizes venue to be had in any county in which one of the joined causes of action could be tried, subject to separation and change of venue as provided by court rule. At the time this pro-

[3] The Revised Judicature Act, MCL 600.1651; MSA 27A.1651, provides:

An action brought in a county not designated as a proper county may nevertheless be tried therein, unless a defendant moves for a change of venue within the time and in the manner provided by court rule, in which case the court shall transfer the action to a proper county on such conditions relative to expense and costs as provided by court rule and section 1653. The court for the county to which the transfer is made shall have full jurisdiction of the action as though the action had been originally commenced therein.

[4] *Brown v LTV Aerospace Corp,* 394 Mich 702; 232 NW2d 656 (1975), reh den 395 Mich 912 (1975), ruled that § 1651 would not have changed the result in *Peplinski, supra.* However, we note that this holding was predicated on the precise statutory language at issue in *Peplinski,* which was determined to be language of jurisdiction and not of venue. *Brown,* supra at 719.

ceeding took place, the court rule governing separation of actions was GCR 1963, 406.[5] In cases of improper joinder, the rule provided that venue of the wrongly joined action was to be transferred to a proper county upon timely motion. In cases of proper joinder, the rule provided that venue could be retained or could be transferred in whole or in part at the discretion of the trial judge.

Here, Count I asserted a claim against Rea Construction and American Casualty under the payment bond on the Reuther Hospital construction project. Counts II and III asserted claims against Williamson Mechanical and certain of its officers in connection with an unrelated hospital construction project. The trial court specifically declined to separate the actions because, in the court's judgment, to do so would have resulted in multiplicity of litigation.

We find the actions to have been properly joined. Therefore venue was subject to change or retention in the trial court's discretion. Permissive joinder was allowed in order to "promote the convenient administration of justice"—i.e., where no prejudice to any party would result. GCR 1963 206.1(2); *Gervais v Annapolis Homes, Inc*, 377

[5] GCR 1963, 406 provided:

When causes of action are joined and when 1 or more of the causes of action, had separate actions been filed, would not have been proper in the county where venue for the joined action is laid, a defendant may move the court to separate the causes of action so joined and to transfer the cause or causes of action for which venue would not have been proper to a proper county.

(1) Improper Joinder. If such causes of action were improperly joined, the court must, on timely motion, order the cause or causes for which venue would not have been proper transferred to a proper county, at plaintiff's cost, which may include reasonable compensation for defendant's expense, including reasonable attorney's fees, in attending in the wrong county.

(2) Proper Joinder. If such causes of action were properly joined, the court in its discretion may order, upon timely motion, the transfer of all causes, the separation and transfer moved for, or it may retain the whole case for trial.

Mich 674, 679; 142 NW2d 7 (1966). No prejudice to any party was demonstrated in this case. The trial court did not abuse its discretion. *Id.* at 680.

### III

We disagree with defendants' argument that they were denied due process of law when the trial court proceeded to decide the action on briefs and defendants were unable to file their briefs.

The trial court's letter to the parties dated May 28, 1987, satisfied the twenty-eight-day notice requirement of MCR 2.501(C). This notice was not misleading and was reasonably calculated, under all the circumstances, to apprise the parties of the pendency of the action and afford them an opportunity to present their objections. See *Trussell v Decker,* 147 Mich App 312, 324; 382 NW2d 778 (1985).

Even had defendants not received the notice of May 28, 1987, defendants were in default of the court's previous notice of April 17, 1987, setting forth May 22, 1987, as the date defendants' briefs were to be filed and June 1 as the date set for decision, which notice defendants clearly received. Under the facts of this case, therefore, it appears that defendants were derelict in their duty to obtain an extension of time, to inquire of the court as to further proceedings, or to request any other appropriate relief. Instead, defendants did nothing. Therefore their allegation of denial of due process rights is not credible.

Nor is there any merit in defendants' challenge to the trial court's procedure in this case, since defendants consented to the procedure. After the trial court set forth deadlines of February 1, 1987, and June 1, 1987, for submission of briefs, defendants never objected. Moreover, defendants' coun-

sel wrote to plaintiff on April 27, 1987, suggesting that, since the parties could not agree on a stipulation of facts, they should set forth their various arguments in their briefs along with appropriate supporting attachments. This letter clearly refutes defendants' position that defendants would not have agreed to submitting the matter on briefs had they received the notice of May 28, 1987.

Accordingly, we find that the trial court's procedure did not deny defendants their rights to due process of law. See *Boddie v Connecticut,* 401 US 371, 378-380; 91 S Ct 780; 28 L Ed 2d 113 (1971).

IV

We find merit in defendants' argument that the trial court erred in finding that plaintiff had strictly complied with the notice requirements of MCL 129.207; MSA 5.2321(7).

Plaintiff did not have a direct contractual relationship with the principal contractor, Rea Construction. Therefore, in order to recover on the payment bond, plaintiff was required by the statute to give the principal contractor written notice of materials and labor furnished, to whom and at which site, within thirty days after providing the first of such materials or labor. Within ninety days from the date on which the last materials or labor were provided, plaintiff was also required by statute to give the principal contractor, as well as the participating governmental unit, written notice of the amount claimed and the party to whom the materials or labor were provided. MCL 129.207; MSA 5.2321(7).

Strict compliance with these notice requirements was necessary. *Pi-Con, Inc v A J Anderson Construction Co,* 169 Mich App 389, 394; 425 NW2d 563 (1988); *Square D Environmental Corp v*

*Aero Mechanical, Inc,* 119 Mich App 740, 744; 326 NW2d 629 (1982); *John A Hall Construction Co v Boone & Darr, Inc,* 102 Mich App 786, 795-796; 302 NW2d 850 (1981), lv den 414 Mich 874 (1982). Here, the trial court's finding that plaintiff had strictly complied was clearly erroneous. MCR 2.613(C); *Birkenshaw v Detroit,* 110 Mich App 500, 508; 313 NW2d 334 (1981); *Sumpter v Kosinski,* 165 Mich App 784, 807; 419 NW2d 463 (1988); *Holland v Michigan National Bank-West,* 166 Mich App 245, 261-262; 420 NW2d 173 (1988).

With respect to the thirty-day notice requirement, the date of first performance was in dispute by the parties. In order to comply with the thirty-day requirement plaintiff would have had to furnish the first material or labor by February 28, 1983, which is the date found by the trial court as the date of first performance. However, the only evidence establishing February 28, 1983, as the beginning date was plaintiff's affidavit submitted nearly 2½ years later, in response to defendants' motion for summary disposition, which affidavit contradicted plaintiff's Notice of Furnishing prepared only a few weeks after the date of first performance and expressly listing February 16, 1983, as the beginning date. In light of the ambiguity resulting from these facts, we conclude that the trial court's finding of strict compliance with the thirty-day requirement was clearly erroneous. *Birkenshaw, supra; Holland, supra.*

With respect to the ninety-day notice requirement, the date of final performance was found by the trial court to be August 28, 1983. Therefore plaintiff needed to establish that notice was given within ninety days of this date. Although the court found that plaintiff had timely notified the Michigan Department of Management and Budget and Rea Construction's surety, American Casualty

Company, the court made no finding that statutory notice was given to Rea Construction as the principal contractor. It may be surmised that the court agreed with plaintiff's argument that such notice was satisfied when plaintiff filed its complaint on October 26, 1983. Because the statute provides for the ninety-day notice as a prerequisite to a right of action, because plaintiff presented no proofs that the ninety-day notice requirement was satisfied as to the principal contractor, and because the trial court did not make a finding as to this issue, we conclude that the trial court's finding of strict compliance with the ninety-day requirement was clearly erroneous. *Birkenshaw, supra; Holland, supra.*

In light of the foregoing, the trial court's finding that the plaintiff had strictly complied with the requirements of MCL 129.207; MSA 5.2321(7) was against the great weight of the evidence. See *Vargo v Denison,* 140 Mich App 571, 574; 364 NW2d 376 (1985). Therefore the trial court abused its discretion in refusing defendants' request for a new trial pursuant to MCR 2.611(A)(e). *Id.* at 573.

Reversed and remanded for a new trial.