W T ANDREW COMPANY, INC v MID-STATE SURETY CORPORATION
(ON REMAND)

Docket No. 194744. Submitted May 10, 1996, at Lansing. Decided February
7, 1997, at 9:30 A.M

W. T. Andrew Company, Inc., brought an action in the Wayne Circuit
Court against Mid-State Surety Corporation and Marino Mechanical
Contractor Company, seeking payment under a labor and materials
payment bond issued by Mid-State for materials furnished by the
plaintiff to Marino. Mid-State had issued the bond to A. Z. Shmina
& Sons, the general contractor on a project at the University of
Michigan, and the plaintiff had been a subcontractor on the project.
The plaintiff contended that it was entitled to recover under the
public works bond statute, MCL 129.201 *et seq.*; MSA 5.2321(1) *et
seq.* The court, John H. Gillis, Jr., J., granted summary disposition
for the plaintiff. The Court of Appeals, MARILYN KELLY, P.J., and SHEP-
HERD and L. P. BORRELLO, JJ., reversed in an opinion per curiam and
remanded the case to the trial court for entry of summary disposi-
tion for Mid-State, holding that the public works bond statute is not
applicable to universities that, like the University of Michigan, are
created by the state constitution. 209 Mich App 308 (1994). The
Supreme Court reversed, holding that the public works bond stat-
ute applies, and remanded the case to the Court of Appeals for a
decision whether the plaintiff provided timely notice of its claim.
450 Mich 655 (1996).

On remand, the Court of Appeals *held*:

The trial court clearly erred in finding that the plaintiff complied
with the notice requirement of the public works bond statute. The
statute requires that a claimant who, like the plaintiff, does not
have a direct contractual relationship with the principal contractor
must serve two written notices by certified mail: the first must be
served upon the principal contractor within thirty days after the
first furnishing of materials or labor and the second must be served
upon the principal contractor and the governmental unit involved
within ninety days of the last furnishing of materials or labor. Here,
there is no evidence that the plaintiff notified the principal contrac-
tor, the surety, or the university within thirty days of the first deliv-
ery of materials. The fact that the surety bond required only the
ninety-day notice for claimants having a direct contract with the

principal contractor does not provide the plaintiff with a right of recovery because the plaintiff did not have a direct contractual relationship with the principal contractor. Mid-State's stipulation that it received the ninety-day notice does not constitute a binding stipulation that sufficient notice or the required notice was given such that Mid-State can be estopped from denying payment. Mid-State is entitled to judgment pursuant to MCR 7.216(A)(1), (7).

Reversed.

*Frank and Stefani* (by *Sidney L. Frank*), for the plaintiff.

*Wegner and Associates, P.C.* (by *Wayne G. Wegner* and *Shane F. Diehl*), for Mid-State Surety Corporation.

ON REMAND

Before: MARILYN KELLY, P.J., and REILLY and JANSEN, JJ.

PER CURIAM. This case involving the public works bond statute, MCL 129.201 *et seq.*; MSA 5.2321(1) *et seq.*, is before us on remand from the Supreme Court. *W T Andrew Co, Inc v Mid-State Surety Corp*, 450 Mich 655; 545 NW2d 351 (1996).

The University of Michigan had contracted with A. Z. Shmina & Sons to perform renovation on its Dearborn campus. Marino Mechanical Contractor Company was one of the subcontractors on the project that obtained supplies from plaintiff. When Marino failed to pay plaintiff the full balance due for the construction materials it provided to Marino, plaintiff filed suit, claiming approximately $70,000 under the labor and materials payment bond. The trial court entered judgment for plaintiff, finding that the public works bond statute was applicable and that plaintiff gave defendant adequate notice.

We reversed, holding that the public works bond statute does not apply to public universities, such as the University of Michigan, that are created by the state constitution. *W T Andrew Co, Inc v Mid-State Surety Corp* 209 Mich App 308; 529 NW2d 658 (1995) The Supreme Court reversed our decision, finding that the public works bond statute is applicable against the University of Michigan. *W T Andrew Company*, 450 Mich 668. The Supreme Court remanded this matter to us to decide whether plaintiff provided defendant with timely notice of its claim. *Id.* at 669. We reverse, concluding that it did not.

We review for clear error the trial court's finding that plaintiff complied with the notice requirements of the public works bond statute. MCR 2.613(C); *Tempco Heating & Cooling, Inc v A Rea Construction, Inc*, 178 Mich App 181, 191; 443 NW2d 486 (1989).

The public works bond statute provides that a claimant who does not have a direct contractual relationship with a principal contractor, such as plaintiff, must serve two written notices: the first, upon the principal contractor, within thirty days after the first furnishing of materials or labor, and the second upon the principal contractor and the governmental unit involved within ninety days of the last furnishing of material or labor. MCL 129.207; MSA 5.2321(7), *Pi-Con, Inc v A J Anderson Construction Co*, 435 Mich 375, 378-379; 458 NW2d 639 (1990). *Tempco, supra* at 190. Each of the notices must be served by certified mail. MCL 129.207; MSA 5.2321(7); *Pi-Con, supra* at 379.

Generally, strict adherence to the statutory notice requirements is mandatory. *Tempco, supra* at 191.

However, strict adherence to the certified mailing requirement is not mandatory where the principal contractor received timely and otherwise sufficient, actual notice. *Pi-Con, supra* at 380. A claimant on a bond may maintain an action on the bond upon establishing compliance with four substantive elements of the notice provisions. First, a claimant must prove that the principal contractor actually received notice. Second, the notice must relate the nature of the materials being furnished or to be furnished, or labor being performed or to be performed and identify the party contracting for such labor or materials and the site for the performance of such labor or the delivery of such materials. Third, the notice must have been written. Fourth, the notice must have been received within the time limits prescribed by the statute. *Id.* at 382.

Here, there is no evidence that plaintiff notified the principal, surety or the University of Michigan within thirty days of the first delivery. Therefore, plaintiff is not in compliance with the notice provisions of the statute.

However, plaintiff argues that, because the actual payment bond only contained a ninety day notice provision and it complied with that provision, it was entitled to recovery. *Royalite Co v Federal Ins Co*, 184 Mich App 69, 73; 457 NW2d 96 (1990). We held in *Royalite*, that a surety by its bonding contract may agree to accept a greater liability than that required under the Michigan bonding statute. *Id.* at 74.

This case differs in one important aspect from *Royalite*. In *Royalite*, the plaintiff was considered a claimant under the bond. Here, the bond defined "claimant" as an individual or entity having a direct

contract with the principal contractor. The Supreme Court has already determined that, under the language of the bond, plaintiff could not meet the definition of claimant, as it never entered into a direct contract with the principal, Shmina. *W T Andrew Co*, 450 Mich 660.

Plaintiff argues that defendant made a binding stipulation that it received sufficient notice under the terms of the bond. Therefore, defendant is estopped from denying payment. However, the record reveals that defendant merely stipulated that it had received notice within ninety days. It did not stipulate that this was sufficient notice under the payment bond or the statute. Therefore, because plaintiff is not a claimant under the terms of the bond, and did not provide adequate notice under the provisions of the public works bond statute, the trial judge clearly erred in entering judgment for it. We enter judgment for Mid-State, dismissing plaintiff's claims pursuant to MCR 7.216(A)(1) and (7).

Reversed.