## ALAN v WAYNE COUNTY

### OPINION OF THE COURT

1. COUNTIES—DEBTS—STATUTES.

The computation of a county's indebtedness as a borrower would at any time equal the outstanding principal plus accrued payable interest where the county is authorized under appropriate statute to be a "borrower".

### DISSENTING OPINION

### BLACK, J.

2. APPEAL AND ERROR—REHEARING.

*Applications for rehearing should be denied without expatiation.*

### DISSENTING OPINION

### T. E. BRENNAN, J.

3. APPEAL AND ERROR—REHEARING.

*Application for rehearing of a decision of the Michigan Supreme Court should be denied without further comment.*

### DISSENTING OPINION

### T. G. KAVANAGH, J.

4. COUNTIES—STADIUM—BONDS—REVENUE BONDS—STATUTES—BUILDING AUTHORITY ACT—REVENUE BOND ACT.

*Detroit Stadium Bonds were not revenue bonds within the definition of the building authority act and the Revenue Bond Act (MCLA 123.951 et seq., 141.101 et seq.).*

Certified questions from Wayne, Blair Moody, Jr., J. Submitted June 8, 1972. (No. 10 June Term

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 580, 592 *et seq.*

[2, 3] 5 Am Jur 2d, Appeal and Error § 978 *et seq.*

[4] 64 Am Jur 2d, Public Securities and Obligations § 13.

1972, Docket No. 54,136.) Decided June 16, 1972. Opinions filed August 30, 1972. Applications for rehearing denied November 29, 1972.

Complaint by Marc Alan, William Roskelly, Mayor of Belleville, and the City of Belleville against Wayne County and Wayne County Stadium Authority for a declaration that construction and incurring indebtedness to construct a proposed stadium is in violation of law and for an injunction restraining defendants from selling or delivering Wayne County Stadium Authority bonds and from constructing a proposed stadium. Request by Governor William G. Milliken that certain questions in the case be certified to the Supreme Court as permitted by GCR 1963, 797. Request granted, questions certified by the trial judge to the Supreme Court and injunction granted. Affirmed 388 Mich 210. The Attorney General intervened. Applications of the Wayne County Stadium Authority and Wayne County for rehearing denied.

*Ronald J. Prebenda,* for plaintiffs Alan and Roskelly.

*Cozadd, Shangle & Smith,* for plaintiffs Mayor of Belleville and City of Belleville.

*William L. Cahalan,* Prosecuting Attorney, *W. Leo Cahalan,* Assistant Prosecuting Attorney, *Aloysius J. Suchy,* Corporation Counsel, and *Lawrence O. Hinkle,* Assistant Corporation Counsel, for defendant Wayne County.

*Dickinson, Wright, McKean & Cudlip* (by *Fred W. Freeman* and *Charles R. Moon)* and *Miller, Canfield, Paddock & Stone* (by *Gilbert E. Gove),* for defendant Wayne County Stadium Authority.

*Amicus Curiae:* Michigan Education Association (by *Foster, Lindemer, Swift & Collins).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Maxine Boord Virtue,* Assistant Attorney General, for intervenor.

On Applications for Rehearing.

WILLIAMS, J. On order of the Court, the applications of the Wayne County Stadium Authority and the County of Wayne for rehearing and purposes of clarification are considered and the same are hereby denied. The opinion heretofore rendered is reaffirmed without change. However, the following is added thereto for the purpose of clarification. Where the county is authorized under appropriate statute to be a "borrower" (unlike present Act 31) then the computation of the county's indebtedness as a borrower would at any time equal the outstanding principal plus accrued payable interest.

T. M. KAVANAGH, C. J., and ADAMS and SWAINSON, JJ., concurred with WILLIAMS, J.

BLACK, J. *(dissenting).* I would deny these applications, without expatiation.

T. E. BRENNAN, J. *(dissenting).* I would deny the application without further comment. It is patently contradictory to "reaffirm without change," and then change the opinion by adding four lines "for clarification." It was my view that the original opinion badly muddied the waters of municipal finance in Michigan. I tried in vain to dissuade the Bench from its course. Having made a mistake, and being unwilling to undo it, we ought at least have the consistency to stick by it.

T. G. KAVANAGH, J. *(dissenting)*. When we decided this case we held that the Detroit Stadium Bonds were not revenue bonds within the definitions of MCLA 123.951 *et seq.;* MSA 5.301(1) *et seq.,* and MCLA 141.101 *et seq.;* MSA 5.2731 *et seq.*

I signed the majority opinion because I was (and am) persuaded that this is the correct holding on this, the only point necessary to decision of the case.

The profession, should be reminded that the office of obiter dicta is usually to illustrate the holding of the case and not to decide the other points discussed.

From the petitions for rehearing and clarification in this case it is apparent that such obiter dicta has confused, rather than assisted the profession, and for this reason I favor granting rehearing or the issuance of a limited opinion to eliminate the confusion.