## W T ANDREW COMPANY, INC v
## MID-STATE SURETY CORPORATION (AFTER REMAND)

Docket No. 110203. Argued October 14, 1999 (Calendar No. 1). Decided April 18, 2000.

A. Z. Shmina & Sons was hired by the University of Michigan as a general contractor to renovate certain buildings at its Dearborn campus. W. T. Andrew Company, Inc., a sub-subcontractor who supplied materials to Marino Mechanical Contractor Company, another subcontractor, brought an action in the Wayne Circuit Court against Mid-State Surety Corporation, which had provided Shmina a labor and materials payment bond, and Marino Mechanical, which had defaulted on its obligations to Shmina and Andrew, claiming that it was entitled to recover from Mid-State under the public works bond statute, MCL 129.201 *et seq.*; MSA 5.2321(1) *et seq.* The court, John H. Gillis, Jr., J., granted summary disposition for the plaintiff. The Court of Appeals, MARILYN KELLY, P.J., and SHEPHERD and L. P. BORRELLO, JJ., reversed in an opinion per curiam and remanded the case to the trial court for entry of summary disposition for Mid-State, finding that the public works bond statute was inapplicable. 209 Mich App 308 (1994) (Docket No. 159064). The Supreme Court reversed, finding that applying the public works bond statute to constitutionally autonomous entities such as the university promotes the state's general welfare and, accordingly, is a valid exercise of the Legislature's police power. It further held that W. T. Andrew is a claimant under the statute and remanded the case to the Court of Appeals to resolve whether the plaintiff provided the defendant timely notice of its claim. 450 Mich 655 (1996). On remand, the Court, MARILYN KELLY, P.J., and REILLY and JANSEN, JJ., again reversed in an opinion per curiam, determining that the plaintiff had failed to give proper notice under the statute. 221 Mich App 438 (1997) (Docket No. 194744). The plaintiff seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice WEAVER, and Justices CAVANAGH, TAYLOR, CORRIGAN, YOUNG, and MARKMAN, the Supreme Court *held*:

The plaintiff cannot recover because it is not a claimant under the bond. While it is a claimant under the statute, it did not satisfy the statutory notice provision.

Affirmed.

Justice KELLY took no part in the decision of this case.

*Frank, Stefani, Haron & Hall, P.C.* (by *Sidney L. Frank* and *Tamara E. Fraser*), for the plaintiff-appellant.

*Wegner & Associates, P.C.* (by *Wayne G. Wegner* and *Shane F. Diehl*), and *M. Jill Weinger*, co-counsel, for defendant-appellee.

Amicus Curiae:

*Poling, McGaw & Poling, P.C.* (by *D. Douglas McGaw* and *James R. Parker*), for Associated General Contractors of America.

### AFTER REMAND

PER CURIAM. The plaintiff, W. T. Andrew Company, Inc., was a sub-subcontractor on a construction project at the University of Michigan—Dearborn. It seeks to enforce a claim under the public works bond act. The circuit court's judgment in favor of the plaintiff has twice been reversed by the Court of Appeals, whose judgment we now affirm.

### I

When this case was before us in 1996, we set forth the facts:

> In May of 1989, the University of Michigan decided to renovate buildings at its Dearborn campus. In order to facil-itate this project, it hired A. Z. Shmina & Sons, a general contracting firm. Shmina secured its work by providing a labor and materials payment bond which it obtained through Cadillac Insurance Company. Cadillac, however,

went into receivership in January of 1990. The Michigan Commissioner of Insurance responded by assigning the bond to defendant Mid-State Surety Corporation. Defendant assumed all the rightful liabilities that Cadillac had under the bond. Specifically, the bond provided that Shmina and Cadillac were liable only to the parties who contracted directly with Shmina.

Shmina retained several different subcontractors to perform the renovations. One of the subcontractors was the Marino Mechanical Contractor Company.[1] Marino in turn contracted with plaintiff, the W. T. Andrew Company, to provide plumbing, heating, and air conditioning materials. During the construction period, Marino experienced financial difficulties. Consequently, it defaulted on its obligations to Shmina and plaintiff. Shmina was able to recover the amount of credit Marino had posted. However, plaintiff, as a supplier of materials to Marino, remained unpaid.

On March 24, 1992, plaintiff brought this action against defendant and Marino in Wayne Circuit Court, claiming approximately $70,000 as the unpaid balance.[2] Although admitting that it had no direct contact with Shmina, plaintiff argued that it was entitled to recover from defendant under the public works bond statute, MCL 129.201 *et seq.*; MSA 5.2321(1) *et seq.* The Wayne Circuit Court granted summary disposition for plaintiff and a judgment was entered against defendant in the amount of $78,645.63. Defendant subsequently appealed, and, on October 20, 1994, the Court of Appeals reversed and remanded.

---

[1] Marino posted a letter of credit equal to $100,000 to secure its work on the project.

[2] On March 27, 1991, plaintiff sent a notice to Cadillac Insurance (the surety), stating that it had supplied materials to Marino.

---

[450 Mich 655, 656-658; 545 NW2d 351 (1996).]

In the initial proceedings on appeal, the Court of Appeals held that the public works bond statute was inapplicable to the University of Michigan. The Court of Appeals thus concluded that the circuit court had erred in granting summary disposition in favor of

plaintiff. The Court instead entered judgment in favor of defendant Mid-State Surety, and dismissed the plaintiff's claims against Mid-State. 209 Mich App 308, 312-313; 529 NW2d 658 (1994).

We granted leave to appeal and reversed the judgment of the Court of Appeals, finding that "applying MCL 129.201 *et seq.*; MSA 5.2321(1) *et seq.* to constitutionally autonomous entities such as the University of Michigan promotes the state's general welfare and, accordingly, is a valid exercise of the Legislature's police power." 450 Mich 662-668.[1] We also held that plaintiff is a claimant under the public works bond statute. 450 Mich 669. We remanded the case to the Court of Appeals for resolution of the issue "whether plaintiff provided defendant with timely notice of its claim . . . ." 450 Mich 669.

---

[1] This holding applies in the present case. *Rodriguez de Quijas v Shearson/American Express, Inc*, 490 US 477, 485; 109 S Ct 1917; 104 L Ed 2d 526 (1989). However, our conclusion regarding the applicability of the statute to a constitutional university marked a change in the law, and required the express overruling of *Weinberg v Univ of Michigan Regents*, 97 Mich 246; 56 NW 605 (1893), and *William C Reichenbach Co v Michigan*, 94 Mich App 323, 331-336; 288 NW2d 622 (1979). 450 Mich 669. Thus the effect of the holding on other cases is limited by the principle stated in *Gentzler v Constantine Village Clerk*, 320 Mich 394, 398; 31 NW2d 668 (1948):

"The general principle is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former decision is bad law, but that it never was the law. To this the courts have established the exception that where a constitutional or statute law has received a given construction by the courts of last resort and contracts have been made and rights acquired under and in accordance with such construction, such contracts may not be invalidated, nor vested rights acquired under them impaired, by a change of construction made by a subsequent decision."

This principle was reaffirmed in *Alan v Wayne Co*, 388 Mich 210, 312; 200 NW2d 628; 67 ALR3d 1079 (1972), clarified 388 Mich 626; 202 NW2d 277 (1972).

On remand, the Court of Appeals determined that plaintiff had failed to give proper notice of its claim. For that reason, the Court again reversed the judgment of the circuit court. 221 Mich App 438; 562 NW2d 206 (1997).[2]

Plaintiff filed a second application in this Court, and we granted leave to appeal. 459 Mich 881 (1998).

II

A

The requirements regarding notice set forth in the statute are not the same as those stated in the bond.

The statute required plaintiff to provide written notice (a) to A. Z. Shmina & Sons within thirty days after plaintiff began supplying labor and materials and (b) to both Shmina and the University of Michigan within ninety days after plaintiff ceased supplying labor and materials.[3]

---

[2] Reh den July 16, 1997 (Docket No. 194744).

[3] A claimant who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which payment bond is furnished under the provisions of [MCL 129.203; MSA 5.2321(3)], and who has not been paid in full therefor before the expiration of a period of 90 days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which claim is made, may sue on the payment bond for the amount, or the balance thereof, unpaid at the time of institution of the civil action, prosecute such action to final judgment for the sum justly due him and have execution thereon. A claimant not having a direct contractual relationship with the principal contractor shall not have a right of action upon the payment bond unless (a) he has within 30 days after furnishing the first of such material or performing the first of such labor, served on the principal contractor a written notice, which shall inform the principal of the nature of the materials being furnished or to be furnished, or labor being performed or to be performed and identifying the party contracting for such labor or materials and the site

The bond did not include those notice require-
ments, but it did require written notice to the surety
(originally Cadillac Insurance, now defendant Mid-
State Surety) within ninety days after plaintiff was
finished supplying labor and materials.

According to its complaint, plaintiff supplied mater-
ials for the project "[b]etween the fall of 1990 and
March 20, 1991." Later, plaintiff sent Cadillac Insur-
ance a letter dated March 27, 1991, concerning its
involvement in the project.[4] For the limited purpose

---

for the performance of such labor or the delivery of such materials,
and (b) he has given written notice to the principal contractor and
the governmental unit involved within 90 days from the date on
which the claimant performed the last of the labor or furnished or
supplied the last of the material for which the claim is made, stat-
ing with substantial accuracy the amount claimed and the name of
the party to whom the material was furnished or supplied or for
whom the labor was done or performed. Each notice shall be
served by mailing the same by certified mail, postage prepaid, in an
envelope addressed to the principal contractor, the governmental
unit involved, at any place at which said parties maintain a busi-
ness or residence. The principal contractor shall not be required to
make payment to a subcontractor of sums due from the subcon-
tractor to parties performing labor or furnishing materials or sup-
plies, except upon the receipt of the written orders of such parties
to pay to the subcontractor the sums due such parties. [MCL
129.207; MSA 5.2321(7).]

[4] The letter stated:

Please be advised that the W. T. Andrew Company is supplying
material to:

> Marino Mechanical Contractor Company
> 634 Franklin Road
> Pontiac, MI 48053

Marino Mechanical is a subcontractor of the A. Z. Shmina & Sons
Contractor performing plumbing and HVAC work at the Regents of
the University of Michigan, General Campus Renovation, located in
Dearborn, MI 48128. This notice is provided to you pursuant to Act
213 Public Acts of 1963 as amended. In the event that we are not
paid by Marino Mechanical we will look to you and your surety for
payment as provided under law.

of arguing cross-motions for summary disposition on the issue of liability, counsel for defendant Mid-State Surety agreed that the surety received the notice required by the bond—notification within ninety days of the completion of the claimant's efforts. However, argued defense counsel,

> Plaintiff cannot have his cake and eat it, too, from the standpoint of picking and choosing what requirements he's going to take.
>
> He wants the benefit of the statute and none of these cases say in that situation he's entitled to the minimal requirement of notice under a bond.

B

Clearly, plaintiff is not a claimant under the language of the bond. The bond identifies A. Z. Shmina & Sons Company as the "Principal" and provides:

> A claimant is defined as one having a direct contract with the Principal, for labor, material, or both, used in the performance of the Contract; labor and material does not include water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

This language excludes plaintiff, a sub-subcontractor that never executed a "direct contract" with A. Z. Shmina & Sons Company.

Accordingly, because plaintiff cannot qualify as a claimant under the bond, it is irrelevant that plaintiff

---

The letter referred to 1963 PA 213, which is the public works bond statute. MCL 129.201 *et seq.*; MSA 5.2321(1) *et seq.*

met the bond's notice requirements. Plaintiff simply cannot recover under the terms of the bond.

Moreover, although we held in 1996 that plaintiff *is* a claimant under the statute, it is clear that plaintiff did not comply with the statutory notice requirements. For this reason, plaintiff cannot recover under the statute.[5]

C

In sum, plaintiff cannot recover because it is not a claimant under the bond and, while it is a claimant under the statute, it did not satisfy the statutory notice provision. We therefore affirm the judgment of the Court of Appeals.[6]

---

[5] Because we hold that plaintiff's claim necessarily fails under either the bond or the statute, on the basis of its failure to meet the bond's definition of a claimant and failure to meet the statute's notice requirement, we need not confront the issue that otherwise troubles some members of this Court. Specifically, although our earlier holding clearly stated that "plaintiff is a claimant under the public works bond statute," 450 Mich 669, defendant's potential liability to pay claimants qualifying under that statute is nevertheless a product of a contract formed during a period when longstanding precedent dictated that the public works bond statute did not apply to a construction project like the one at issue in this case. See n 1. As noted earlier, contract rights and duties acquired in reliance on a given construction of law by this Court may not be altered by a subsequent decision changing the prior construction of law. *Gentzler*, n 1 *supra* at 398. This equitable limitation on the application of this Court's decisions is analogous to the constitutional prohibition on the enactment of laws impairing the obligation of contracts. See Const 1963, art 1, § 10. However, longstanding considerations of self-restraint dictate that we not address such possible grounds for resolution when this case is fairly resolved on a narrower basis. See *Taylor v Auditor General*, 360 Mich 146, 154; 103 NW2d 769 (1960).

[6] W. T. Andrew has requested that we remand this case to the circuit court to allow an opportunity to demonstrate compliance with the statutory notice requirements. In this regard, W. T. Andrew says that, years ago, it "received additional documents in response to a subpoena directed to the architect which would support the existence of adequate notice." It also says that a subpoena to Shmina, the general contractor, "was still

WEAVER, C.J., and CAVANAGH, TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.

KELLY, J., took no part in the decision of this case.

---

outstanding at the time of the [1992] hearing and to this day (seven years later) has not been answered." If after seven years of litigation W. T. Andrew is unable to tender evidence of compliance with the statutory notice requirements, we are not inclined to delay this matter further by a remand.