# STATE OF MICHIGAN

# COURT OF APPEALS

RUVAYN RUBINSTEIN and SARA
RUBINSTEIN,

        Plaintiffs-Appellants,

v

TEMPLE ISRAEL EARLY LEARNING
CENTER,

        Defendant-Appellee.

UNPUBLISHED
February 22, 2018

No. 335101
Oakland Circuit Court
LC No. 2015-149593-CZ

Before: RIORDAN, P.J., and BOONSTRA and GADOLA, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order granting summary disposition in favor of defendant. We vacate the trial court's order and remand for further proceedings in light of *Winkler v Marist Fathers of Detroit, Inc*, 500 Mich 327; 901 NW2d 566 (2017).[1]

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The parties previously litigated, in the United States District Court for the Eastern District of Michigan, federal constitutional claims arising out of the same operative facts.[2] The District Court's opinion summarizes the underlying facts:

> Defendant . . . is a private, religious institution that operates a child group program, its Early Childhood Center ("ECC"), for preschool and childcare. It is licensed to do business by the State of Michigan. Plaintiffs Ruvayn and Sara

---

[1] *Winkler* was decided after the claim of appeal and appeal briefs were filed in this case. On its own motion, this Court issued an order directing the parties to file supplemental briefs regarding the impact of *Winkler* on this appeal. See *Rubenstein v Temple Israel Early Learning Center*, unpublished order of the Court of Appeals, issued January 23, 2018.

[2] *Rubinstein v Temple Israel*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued July 19, 2016 (Docket No. 15-13969).

-1-

Rubinstein are parents of two, preschool-aged children who previously attended the program.

Temple Israel is a Reform Jewish congregation. In 2015 it modified its vaccination policy to require all ECC students to get vaccinations unless they have an exemption due to medical reasons only. The new vaccination policy is more restrictive than certain provisions of Michigan statutes that allow parent [sic] to obtain an exemption not only due to medical reasons, but also for religious reasons. Temple Israel's religious beliefs motivate its conduct, and Plaintiffs do not allege otherwise.[3]

The District Court remanded plaintiff's state-law claims to the trial court. Thereafter, the trial court granted summary disposition in favor of defendant, citing the ecclesiastical abstention doctrine.[4] This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Winkler*, 500 Mich at 333. We also review de novo questions of subject matter jurisdiction and constitutional law. *Id.*

## III. ANALYSIS

Plaintiffs argue that the trial court erred by granting summary disposition in favor of defendant, because the ecclesiastical abstention doctrine is not applicable to their claims. As explained in *Winkler*, 500 Mich at 337-339:

The ecclesiastical abstention doctrine arises from the Religion Clauses of the First Amendment of the United States Constitution and reflects this Court's longstanding recognition that it would be inconsistent with complete and untrammeled religious liberty for civil courts to enter into a consideration of church doctrine or church discipline, to inquire into the regularity of the proceedings of church tribunals having cognizance of such matters, or to determine whether a resolution was passed in accordance with the canon law of the church, except insofar as it may be necessary to do so, in determining whether or not it was the church that acted therein. Accordingly, we have consistently held that the court may not substitute its opinion in lieu of that of the authorized tribunals of the church in ecclesiastical matters, and that judicial interference in the purely ecclesiastical affairs of religious organizations is improper. . . .

---

[3] *Id.* at 1.

[4] The District Court also granted summary judgment in favor of defendant on the federal constitutional claims, holding that defendant was not a state actor, and that, in any event, the ecclesiastical abstention doctrine applied. *Id.* at 2.

The doctrine thus operates to ensure that, in adjudicating a particular case, a civil court does not infringe the religious freedoms and protections guaranteed under the First Amendment. It does not, however, purport to deprive civil courts of the right . . . to exercise judicial power over any given class of cases. [Quotation marks, citations, brackets, and footnote omitted.]

To the extent that prior decisions, such as *Dlaikan v Roodbeen*, 206 Mich App 591; 522 NW2d 719 (1994), overruled in part by *Winkler*, 500 Mich at 327, indicated that the ecclesiastical abstention doctrine's operation could deprive a court of subject-matter jurisdiction, *Winkler* overruled them. *Winkler*, 500 Mich at 330. "The ecclesiastical abstention doctrine may affect how a civil court *exercises* its subject matter jurisdiction over a given claim," but "it does not divest a court of such jurisdiction *altogether*." *Id*. at 569 (emphasis added). In other words, the "doctrine informs how civil courts must adjudicate claims involving ecclesiastical questions; it does not deprive those courts of subject matter jurisdiction over such claims." *Id*. at 337. The germane inquiry "is whether the actual adjudication of a particular legal claim would require the resolution of ecclesiastical questions; if so, the court must abstain from resolving those questions itself, defer to the religious entity's resolution of such questions, and adjudicate the claim accordingly." *Id*. at 341.

In this case (and unlike in *Winkler*), the trial court did not explicitly state that its ruling was premised on subject-matter jurisdiction or that it was granting summary disposition under MCR 2.116(C)(4). Nonetheless, at the time the trial court ruled, it was bound to follow the now-overruled holding of *Dlaikan* and its progeny (i.e., that the ecclesiastical abstention doctrine implicates subject-matter jurisdiction). See MCR 7.215(C)(2). We therefore conclude that we must remand this case to the trial court to consider the merits of the parties' cross-motions for summary disposition.[5] In light of *Winkler*, the trial court should have the opportunity, in exercising its jurisdiction, to adjudicate the merits of those motions while abstaining from resolving any ecclesiastical questions.

Moreover, it would be inappropriate for us to essentially decide those motions in the first instance on appeal. "It is for the circuit court, in the first instance, to determine whether and to what extent the adjudication of the legal and factual issues presented . . . would require the resolution of ecclesiastical questions (and thus deference to any answers the church has provided to those questions)." *Id*. at 343. See also *Winkler v Marist Fathers of Detroit, Inc (On Remand)*,

---

[5] As a threshold consideration, because *Winkler* was decided approximately nine months after the trial court made its challenged ruling, we must decide whether *Winkler* should be afforded retroactive application. We conclude that it should. See *W.A. Foote Mem Hosp v Mich Assigned Claims* Plan, 321 Mich 159, ___; ___ NW2d ___ (2017), lv pending (noting that "[t]he general principle is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former decision is bad law, but that it never was the law") (quotation marks and citation omitted); see also *WT Andrew Co, Inc v Mid-State Surety Corp (After Remand)*, 461 Mich 628, 632 n 1; 611 NW2d 305 (2000), quoting *Gentzler v Smith*, 320 Mich 394, 398; 31 NW2d 668 (1948).

___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 323511), slip op at 12 (holding that remand to the trial court was necessary); *Smit v State Farm Mut Auto Ins Co*, 207 Mich App 674, 685; 525 NW2d 528 (1994) ("[a]s a general rule, this Court declines to consider an issue that was not decided by the trial court"). Accordingly, we vacate the order appealed and remand this matter to the trial court for reconsideration in light of *Winkler*.[6]

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Michael F. Gadola

---

[6] In a supplemental authority, defendants direct this court to a Florida Court of Appeals case, *Flynn v Estevez*, 221 So 3d 1241 (Fla 1st D.C.A., 2017), in which the Florida Court of Appeals upheld the trial court's application of the ecclesiastical abstention doctrine in a similar factual situation. The *Flynn* court noted that "[i]n Florida, courts have interpreted the doctrine as a jurisdictional bar . . . ." Such is no longer the case in Michigan after *Winkler*, and *Flynn* thus does not aid our analysis.