# STATE OF MICHIGAN

# COURT OF APPEALS

SHEILA GILMORE,

Plaintiff-Appellant,

UNPUBLISHED
October 4, 2018

v

TRINITY MISSIONARY BAPTIST CHURCH,
and JOHN TOLBERT,

Defendants-Appellees.

No. 337293
Oakland Circuit Court
LC No. 2016-154884-CD

Before: JANSEN, P.J., and METER and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(4) and (C)(7). We vacate the trial court's order and remand for further proceedings consistent with *Winkler v Marist Fathers of Detroit, Inc*, 500 Mich 327; 901 NW2d 566 (2017).

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

This appeal arises out of the termination of plaintiff's employment with defendant Trinity Missionary Baptist Church (Trinity). Plaintiff had worked for Trinity for over 30 years, and at the time of her termination, was employed as Trinity's business manager. In 2012, John Tolbert was installed as the Senior Pastor of Trinity. Shortly thereafter, plaintiff claimed Pastor Tolbert began asking her "when are you going to retire," and generally treating her with distain and hostility.

In 2015 the tensions between plaintiff and Pastor Tolbert came to a head after Pastor Tolbert discovered that plaintiff was receiving an additional five weeks of vacation pay in addition to her regular weekly salary. Plaintiff claimed that a previous pastor had authorized the five weeks of vacation pay for all tenured employees in 1999. Pastor Tolbert claims that the agreement was made verbally, and he had no knowledge of such an arrangement until late 2015, when he discovered plaintiff had authorized her extra pay as Trinity's new payroll service was preparing for the end of the year.

Pastor Tolbert convened a "personal ministry" to investigate plaintiff's salary. In May 2016, following the investigation, plaintiff was given two options: continue her employment with Trinity without the extra five weeks of vacation pay under the terms set forth in the written job

-1-

description for the business manager dated July 21, 2014, or retire. Plaintiff found neither option to be acceptable. Plaintiff was ultimately placed on a two-week administrative leave, but was notified on July 28, 2016 that her employment status had been converted to a discharge, effective July 25, 2016.

On September 2, 2016, plaintiff filed a seven-count complaint against Trinity and Pastor Tolbert, alleging age discrimination, hostile work environment, and retaliation in violation of the Elliot-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*, wrongful discharge, breach of contract, defamation, and intentional infliction of emotional distress. In lieu of filing an answer, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(4) and (C)(7). Defendants argued that plaintiff "seeks intervention by the [c]ourt on matters that are at the heart of internal church governance." Accordingly, defendants sought dismissal of plaintiff's complaint on the basis that allowing the trial court to decide her claims would result in the trial court becoming "entangled in ecclesiastical questions of church governance." The trial court agreed, and in a written opinion and order, granted summary disposition in favor of defendants on the basis that it lacked subject matter jurisdiction "because resolution of the claims would involve an impermissible inquiry into the Church's internal procedures." Accordingly, the trial court's jurisdiction was "prohibited by the First Amendment [of the United States Constitution] and summary disposition is appropriate."[1] This appeal followed.

## II. THE ECCLESIASTICAL ABSTENTION DOCTRINE

Plaintiff raises several issues relating to the trial court's grant of summary disposition in favor of defendants. First, plaintiff argues that the trial court abused its discretion when concluding that it lacked subject matter jurisdiction over her claim of age discrimination due to the ecclesiastical abstention doctrine, born out of the First Amendment of the United States Constitution. We agree.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Winkler*, 500 Mich at 333. This Court also reviews de novo questions of subject matter jurisdiction and constitutional law. *Id*.

Below, the trial court summarily dismissed plaintiff's complaint on the basis that it lacked subject matter jurisdiction to hear plaintiff's claims, and that "jurisdiction by this [c]ourt is prohibited by the First Amendment[.]" In sum, although not mentioned by name, the trial court's conclusion that it lacked subject matter jurisdiction over plaintiff's complaint was based on the ecclesiastical abstention doctrine.

In *Winkler*, our Supreme Court explained:

The ecclesiastical abstention doctrine arises from the Religion Clauses of the First Amendment of the United States Constitution and reflects this Court's longstanding recognition that it would be inconsistent with complete and

---

[1] The trial court also denied plaintiff's motion for reconsideration

-2-

untrammeled religious liberty for civil courts to enter into a consideration of church doctrine or church discipline, to inquire into the regularity of the proceedings to church tribunals having cognizance of such matters, or to determine whether a resolution was passed in accordance with the canon law of the church, except insofar as it may be necessary to do so, in determining whether or not it was the church that acted therein. Accordingly, we have consistently held that the court may not substitute its opinion in lieu of that of the authorized tribunals of the church in ecclesiastical matters, and that judicial interference in the purely ecclesiastical affairs of religious organizations is improper. [*Winkler*, 500 Mich at 337-338 (quotation marks, citations, brackets, and footnote omitted).]

However, simply because a religious organization may be a defendant in a civil action, the ecclesiastical abstention doctrine does not divest the trial court's jurisdiction. Rather, the "doctrine informs how civil courts must adjudicate claims involving ecclesiastical questions; it does not deprive those courts of subject matter jurisdiction over such claims." *Id*. at 337.

When a claim is brought against a religious entity, the relevant inquiry becomes,

whether the actual adjudication of a particular legal claim would require the resolution of ecclesiastical questions; if so, the court must abstain from resolving those questions itself, defer to the religious entity's resolution of such questions, and adjudicate the claim accordingly. [*Id*. at 341.]

Accordingly, the trial court's grant of summary disposition on the basis of lack of subject matter jurisdiction in favor of defendants was erroneous. Remand to the trial court is appropriate in order for the trial court to "determine whether and to what extent the adjudication of the legal and factual issues presented by the plaintiff's claim would require the resolution of ecclesiastical questions." *Id*. at 343.[2] The trial court does have subject matter jurisdiction over plaintiff's claims, as well as "the judicial power to consider [them] and dispose of [them] in a manner consistent with the guarantees of the First Amendment." *Id*. at 344.

Given that remand for reconsideration in light of *Winkler* is appropriate, we need not address plaintiff's remaining issues on appeal.

---

[2] We note that *Winkler* was decided several months after the trial court made its challenged ruling, however we conclude that it should be given retroactive application. See *W.A. Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 182; 909 NW2d 38 (2017), lv pending (nothing that the "general principle is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former decision is bad law, but that it was never the law." (quotation marks and citation omitted); see also *WT Andrew Co, Inc v Mid-State Surety Corp (After Remand)*, 461 Mich 628, 632 n 1; 611 NW2d 305 (2000), quoting *Gentzler v Smith*, 320 Mich 394, 398; 31 NW2d 668 (1948).

We vacate the trial court's order granting summary disposition in favor of defendants and remand for further proceedings consistent with *Winkler*. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Cynthia Diane Stephens